Thomas KOONTZ, Petitioner-Appellee, Cross Appellant,

v.

Richard GLOSSA and William J. Brown, Respondents-Appellants, Cross Appellees.

Nos. 82–3283 to 82–3366.

United States Court of Appeals, Sixth Circuit.

Argued Feb. 16, 1983.

Decided April 11, 1984.

---

1. There was no "race to the courthouse" here to dismember the debtor.

John A. Pfefferle (argued) Pros. Atty., Sandusky, Ohio, for respondents-appellants cross-appellees.

George C. Steinemann, Steinemann, Zeiher, Beamer & Schell, Kevin Zeiher (argued), Sandusky, Ohio, for petitioner-appellee, cross-appellant.

Before MERRITT and JONES, Circuit Judges, and PECK, Senior Circuit Judge.

NATHANIEL R. JONES, Circuit Judge.

This appeal is before the Court upon a petition for a writ of habeas corpus filed in the United States District Court for the Northern District of Ohio. The district court granted the writ finding that petitioner was denied his Sixth Amendment right to confrontation. We hold that the failure to give petitioner adequate notice of the charges against him violated the due process clause of the Fourteenth Amendment.

We therefore affirm the decision of the district court.[1]

## I.

Petitioner, Thomas Koontz, was the owner of the Ohio Motor Hotel in Sandusky, Ohio. The hotel was destroyed by fire on or about December 6, 1977. On January 12, 1978 petitioner was charged in three separate counts with defrauding an insurance company, conspiracy to commit aggravated arson, and attempted aggravated murder.

On February 6, 1978 a preliminary hearing was conducted and the petitioner was bound over to the grand jury on the above-named charges. The Erie County Grand Jury failed to indict petitioner for any of the offenses charged. On June 26, 1978, however, a secret indictment was returned by the Erie County Grand Jury charging petitioner with a violation of Ohio Revised Code § 2909.02(A)(2), aggravated arson.

Petitioner appeared, entered a plea of not guilty to the charge, filed a notice of alibi, and requested a bill of particulars. The state filed a bill of particulars on September 14, 1978 which charged petitioner in accordance with Ohio Rev.Code § 2909.-02(A)(3). The original indictment, by contrast, charged him in accordance with Ohio Rev.Code § 2909.02(A)(2). Petitioner notified the court of the discrepancy between the charge in the indictment and the charge stated in the bill of particulars. In response, the state filed a motion requesting authority to amend the indictment without returning to the grand jury. This request was granted over the objections of the petitioner. Three days later on September 18, 1978, the trial commenced on the charge as contained in the amended indictment.

It is undisputed that at trial only one state witness, Dennis Whaley, testified regarding any link between the fire and the petitioner. Whaley was served with a subpoena on Friday, September 15, 1978 ordering him to appear at trial on Monday, Sep-

tember 18, 1978. On September 17, 1978 Whaley ingested a number of barbiturates and drank a large quantity of alcohol, making himself ill enough to be admitted to Good Samaritan Hospital in Sandusky, Ohio. On September 20, 1978 the prosecutor informed the court and the petitioner that his witness would not be able to appear at trial. The state then requested permission to take the video-tape testimony of Dennis Whaley in his hospital room. This motion was granted and the prosecutor, the petitioner and his attorneys, the witness's attorney, a representative of the fire department and a videotape technician were all present in the hospital room at the time the deposition was taken. That video-taped testimony was played to the jury the following day. That same morning, September 21, 1978, Dennis Whaley, unbeknownst to the prosecution and all other parties involved in the trial, signed himself out of Good Samaritan Hospital. It appears from the record that Whaley had left the hospital some time before the testimony was played to the jury.

After consideration of all the evidence, the jury found the petitioner guilty and the trial judge sentenced him to an indeterminate prison term of from four to twenty-five years and fined him $10,000. The Court of Appeals of Erie County, Ohio affirmed the petitioner's conviction and the Supreme Court of Ohio denied the petitioner's motion for leave to appeal. The petition for a writ of habeas corpus was filed on April 22, 1980 and this appeal follows from the district court's grant of that writ.

On appeal petitioner Koontz bases his contention that habeas corpus was properly granted by the district court on two grounds. First, he claims that he was not given fair notice of the charges against him as required by the Fourteenth Amendment when the trial court permitted the state to amend the indictment without returning to the grand jury. Second, petitioner alleges that he was deprived of his Sixth Amend-

---

1. Because we affirm the judgment of the district court on due process grounds, we need not address the issue of whether the petitioner was deprived of his Sixth Amendment right to confrontation.

ment right to confrontation when the trial court permitted the state to use the videotaped testimony of a prosecution witness in lieu of his actual appearance in the courtroom.

## II.

 In the habeas corpus context, the role of the federal courts has become increasingly limited. The general rule is that only issues of constitutional magnitude are cognizable. The claim must allege a "fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure" in order to be considered in the habeas context. *See Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 471, 7 L.Ed.2d 417 (1962). There must, at a minimum, be a colorable federal constitutional claim before a federal court can consider the issue. *See Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

### (a) Exhaustion

 During the oral argument of this case, the issue was raised whether the petitioner had properly exhausted his state remedies. We must address this issue before we address the merits of the case. It is well-settled that a habeas petitioner must exhaust available state judicial remedies with respect to each issue he relies upon in his federal habeas petition. 28 U.S.C. § 2254(b). *See, Preiser v. Rodriguez*, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). If a habeas petition includes both exhausted and unexhausted claims, the petition must be dismissed as a "mixed" petition. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Bowen v. Tennessee*, 698 F.2d 241 (6th Cir.1983).

 The exhaustion requirement is satisfied "once the federal claim has been fairly presented to the state courts ..." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). *See also Butler v. Rose*, 686 F.2d 1163, 1168 (6th Cir.1982); *Wiley v. Sowders*, 647 F.2d 642, 646 (6th Cir.1981) *cert. denied*, 454

U.S. 1091, 102 S.Ct. 656, 70 L.Ed.2d 630. In other words, the habeas petitioner must present his claim to the state courts as a federal constitutional issue—not merely as an issue arising under state law. It is well-settled, however, that "the exhaustion requirement 'cannot turn upon whether a state appellate court chooses to ignore in its opinion a federal constitutional claim squarely presented in petitioner's brief in state court.'" *Wiley v. Sowders*, 647 F.2d at 647, *quoting Smith v. Digmon*, 434 U.S. 332, 333, 98 S.Ct. 597, 598, 54 L.Ed.2d 582 (1978). The precise exhaustion issue that we must address, therefore, is whether the petitioner fairly presented to the state courts the substance of his current habeas claims.

 First, petitioner contends that his due process rights were violated due to the amendment of the indictment against him. Petitioner's state appellate brief clearly indicates that this claim has been exhausted. In particular, his brief quoted this Court's decision in *United States v. Pandilidis*, 524 F.2d 644 (6th Cir.1975) *cert. denied*, 424 U.S. 933, 96 S.Ct. 1146, 47 L.Ed.2d 340 (1976), where we stated:

> The rules governing the content of indictments, variances and amendments are designed to protect three important rights: *the right under the Sixth Amendment to fair notice of the criminal charge one will be required to meet,* the right under the Fifth Amendment not to be placed twice in jeopardy for the same offense, and the right granted by the Fifth Amendment, and sometimes by statute, not to be held to answer for certain crimes except upon a presentment or indictment returned by a grand jury.

524 F.2d at 548 (emphasis added) (footnotes omitted). The petitioner's state brief also cited *United States v. Goldstein*, 502 F.2d 526 (3d Cir.1974), where the court held that "a conviction ... cannot be upheld on the basis of facts not found by and perhaps not even presented to the grand jury ..." *Id.* at 529. It is apparent from these portions of the petitioner's brief that he "fairly

presented" this federal claim to the state courts.

The second constitutional issue raised by petitioner involves the use at trial of the videotaped deposition of Dennis Whaley. In our opinion, the petitioner has also exhausted his state remedies with respect to this claim. While his state appellate brief focused primarily on state law, the substantive federal claim was presented to the state courts. In particular, the petitioner's state appellate brief stated: "The *United States Constitution* ... gives a criminal defendant the right to not only face his accusers, but also the right to have a jury view all witness' demeanor." (emphasis added).

In *Butler v. Rose*, 686 F.2d at 1163, this Court held that the exhaustion requirement had been met in spite of the fact that the petitioner's brief before the Court of Criminal Appeals cited only state cases for the proposition that his punishment was unreasonable and arbitrary. 686 F.2d at 1168. Furthermore, the petitioner's attorney relied only on state authorities to support his excessive punishment claim in his petition to the Supreme Court of Tennessee. *Id.* The petitioner, however, also filed a *pro se* petition with the Supreme Court of Tennessee and cited the Eighth Amendment in his "Propositions of Law and Fact." This Court held, therefore, that "[t]he substance of the claim was presented ..." *Id.*

■ While the petitioner in the case at bar, did not specify a precise constitutional amendment by number in his state brief, he did specify, in substance, the right afforded by the Constitution which he claimed had been violated. As stated earlier, he specifically stated that the "United States Constitution ... gives a criminal defendant the right to not only face his accusers, but also the right to have a jury view all witness' demeanor." *Picard v. Connor, supra* 404 U.S. at 270, 92 S.Ct. at 510, makes clear that the petitioner did not have to cite a particular provision of the United States Constitution. In *Picard*, the petitioner completely failed to raise an Equal Protection claim in the state courts. He present-

ed his claim purely as a state issue. While the Supreme Court concluded that the claim had not been exhausted, it simply held that the federal claim must be "fairly presented to the state courts." 404 U.S. at 275, 92 S.Ct. at 512. The Court specifically stated that the respondent did *not* have to raise the equal protection claim "by citing 'book and verse on the federal constitution.'" 404 U.S. at 278, 92 S.Ct. at 513. As long as ".'the substance of a federal habeas corpus claim" is presented to the state courts, the exhaustion requirement is satisfied. Since that has been done in this case, the petitioner has exhausted his state remedies.

### (b) Fair Notice of Charges

■ The law is well settled that the federal guarantee of a grand jury indictment has not been applied to the states. *Branzburg v. Hayes*, 408 U.S. 665, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972). It is also well settled in this Circuit that the Constitution does not require any particular state indictment rule. In fact, it does not require an indictment at all if sufficient notice of the charges is given in some other manner. *Combs v. Tennessee*, 530 F.2d 695 (6th Cir.) *cert. denied*, 425 U.S. 954, 96 S.Ct. 1731, 48 L.Ed.2d 198 (1976).

■ The due process clause of the Fourteenth Amendment mandates that whatever charging method the state employs must give the criminal defendant fair notice of the charges against him to permit adequate preparation of his defense. *See, e.g., In Re Ruffalo*, 390 U.S. 544, 88 S.Ct. 1222, 20 L.Ed.2d 117 (1968); *Blake v. Morford*, 563 F.2d 248 (6th Cir.1977); *Watson v. Jago*, 558 F.2d 330, 338 (6th Cir.1977). This requires that the offense be described with some precision and certainty so as to apprise the accused of the crime with which he stands charged. Such definiteness and certainty are required as will enable a presumptively innocent man to prepare for trial. *Combs v. Tennessee*, 538 F.2d at 698.

In *Watson v. Jago*, 558 F.2d at 330, the grand jury indictment charged petitioner

with deliberate and premeditated murder in the first degree. At trial, petitioner was forced to defend against a charge of felony murder. In holding that petitioner's due process rights were violated, this Court stated:

> ... to enable the prosecution to seek a conviction on a charge not brought by the grand jury unquestionably constituted a denial of due process by not giving appellant fair notice of criminal charges to be brought against him.

558 F.2d at 339.

██ In the case at bar, petitioner's due process rights were violated as well. Section 2909.02 of the Ohio Rev.Code reads, in pertinent part:

> (A) No person, by means of fire or explosion, shall knowingly ...
>
> (2) Cause physical harm to any occupied structure;
>
> (3) Create, through the offer or acceptance of an *agreement* for hire or other consideration, a substantial risk of serious physical harm to any person or of physical harm to any occupied structure. (emphasis added).

The original indictment charged petitioner with the violation of § 2909.02(A)(2) while the amended indictment charged him with a violation of § 2909.02(A)(3). Because the amended indictment charged a conspiracy rather than a single party action, petitioner was unduly prejudiced by the change. Although the original indictment informed the petitioner of the event complained of—the burning down of the hotel—he was not sufficiently informed of the specific crime with which he was charged.

Under 2909.02(A)(2) petitioner was charged with committing the arson himself. Accordingly, petitioner filed a notice of alibi as a defense. It was not until the notice of alibi was filed that the state amended the charge to "arson for hire." The amended charge, of course, rendered the notice of alibi moot. Consequently, petitioner had only three days in which to develop an entirely different defense. Admittedly, petitioner did have more time to prepare a defense than the defendants in *Watson* and *Blake*. In those cases the charge was not changed until the trial itself had already begun. Based upon the facts of this case, however, three days was an insufficient amount of time to allow petitioner to prepare an adequate defense. Petitioner had to develop proof that he did not hire a third person to commit the arson. Because of the significant substantive difference between the original indictment and the amended one, petitioner was deprived of his due process rights as required by the Fourteenth Amendment. Accordingly, the judgment of the district court is AFFIRMED.