758 F.2d 652
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ANDREW LEE GILLARD, PETITIONER-APPELLANT,
v.
EUGENE BARKSDALE, ET AL., RESPONDENTS-APPELLEES.
 NO. 84-5690
 United States Court of Appeals, Sixth Circuit.
 2/14/85
 ORDER
 
 1
 Before ENGEL AND KEITH, CIRCUIT JUDGES; AND CELEBREZZE SENIOR CIRCUIT JUDGE.
 
 
 2
 This matter is before the Court upon appellant's motion for counsel and the appellant has filed an informal brief. The appeal has been referred to a panel of this Court pursuant to Rule 9(a), Rules of the Sixth Circuit. After examination of the record and the appellant's informal brief, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The appellant is appealing from the judgment of the district court dismissing his petition for a writ of habeas corpus. The district court held that available state court remedies had not been exhausted. When this petition was filed, the appellant was awaiting sentencing on his Tennessee convictions for rape and second degree burglary. The appellant alleges that he was denied his right to a speedy trial and that his right of access to the courts was denied because the Tennessee trial court would not rule on his pre-trial pro se motions. On appeal he argues that he has exhausted state court remedies.
 
 
 4
 A habeas petitioner must exhaust available state judicial remedies with respect to each issue he relies upon in his federal habeas petition. Koontz v. Glossa, 731 F.2d 365 (6th Cir. 1984). The exhaustion requirement is satisfied once the federal claims have been fairly presented to the state courts. Butler v. Rose, 686 F.2d 1163 (6th Cir. 1982). In review of the record in this case, it is clear that the appellant's claims have not been fairly presented to the Tennessee Supreme Court. A 'petition for writ of mandamus or in the alternative a petition for writ of habeas corpus' was filed with the Tennessee Supreme Court. That court, however, lacked original jurisdiction to address the merits of the petition. See T.C.A. 16-3-201. Therefore, the issues have not been adequately exhausted and the federal habeas petition was properly dismissed.
 
 
 5
 Accordingly, it is ORDERED that the motion for counsel be denied and the judgment of the district court is affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.