786 F.2d 1166
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
FRANK STOCKARD, Petitioner-Appellant,
vs.
DALE FOLTZ, Respondent-Appellee.
 85-1056
 United States Court of Appeals, Sixth Circuit.
 2/25/86
 
 E.D.Mich.
 REMANDED
 ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN
 Before: CONTIE, Circuit Judge; PECK, Senior Circuit Judge; and GIBSON, District Judge.*
 PER CURIAM.
 
 
 1
 Frank Stockard appeals from an order of the district court denying his petition for habeas corpus seeking relief from his convictions pursuant to Mich. Comp. Laws Ann. Secs. 750.83, 750.227(b). For the reasons stated below, we remand the case to the district court for proceedings consistent with this opinion.
 
 
 2
 Stockard's assignments of error in the state court and in the district court below centered on the trial court's denial of his motion in limine to exclude his prior armed robbery conviction for impeachment purposes, and the trial court's refusal to allow Stockard to use a witness's out-of-court statement to impeach that witness when the witness testified at trial that he could not remember the statement. There is no evidence in the record that these issues were raised at trial as errors of constitutional dimension.
 
 
 3
 Petitioner's brief before the Michigan Court of Appeals, tendered by appellee at oral argument, further reveals that petitioner argued only errors of state law before that court, and, that court's opinion, affirming petitioner's convictions on October 1, 1982, never alluded to any constitutional claim.
 
 
 4
 On June 21, 1983, the Michigan Supreme Court denied leave to appeal, although petitioner's appeals to that court are not part of the record before this court. On August 22, 1983, Stockard filed a petition for writ of habeas corpus claiming that because of the trial court's failure to suppress his prior conviction he 'was deprived of a fair trial in accordance with the Fifth and Fourteenth Amendments to the United States Constitution,' and that 'it was error of constitutional dimension for the trial court to preclude him from impeaching the complainant.' On November 29, 1984, the district court denied the petition, making no determination with respect to exhaustion, and addressing petitioner's claims on the merits. On appeal to this court, counsel appointed for petitioner argued in the brief only that the actions of the state trial court constituted errors of state law.
 
 
 5
 '[T]he total exhaustion rule promulgated in Rose may not be waived or conceded in the district court by a state attorney general and may be noticed by this Court sua sponte.' Bowen v. State of Tennessee, 698 F.2d 241, 243 (6th Cir. 1983) (en banc). '[T]he case must be dismissed, sua sponte, if it appears that' the state remedies are not exhausted. Alcorn v. Smith, 724 F.2d 37, 39 (6th Cir. 1983), vacated, 105 S. Ct. 2315 (1985), rev'd, Case No. 82-5623 (January 9, 1986) (emphasis added).
 
 
 6
 The exhaustion requirement is satisfied when a petitioner has fairly presented his federal claim to the state court. Koontz v. Glossa, 731 F.2d 365, 368 (6th Cir. 1984). '[T]he habeas petitioner must present his claim to the state courts as a federal constitutional issue--not merely as an issue arising under state law.' Id. Even though errors of state law may rise to the level of depriving a defendant of fundamental fairness, and, therefore, constitute a constitutional violation, Matlock v. Rose, 731 F.2d 1236, 1242 (6th Cir. 1984), cert. denied, 105 S. Ct. 1747 (1985), Congress has chosen to defer initial consideration of the constitutional claim to the state courts, 28 U.S.C. Sec. 2254(b).
 
 
 7
 Petitioner has 'the burden of demonstrating that he has met the procedural prerequisites that entitle him to relief. . . .' Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982). From the record before us, it appears clear that petitioner never raised the constitutional issues presented in his petition to the state trial court or the Michigan Court of Appeals. Petitioner's brief before this court casts further doubt on whether these issues were presented to the state courts. Because petitioner's arguments to the Michigan Supreme Court are not part of the record before us, we can make no definitive ruling on the exhaustion issue. However, because our limited record casts some doubt on the sufficiency of exhaustion, we remand the case to the district court to consider whether petitioner properly exhausted the claims presented in his petition.
 
 
 8
 According, we REMAND the case to the district court for proceedings consistent with this opinion.
 
 
 
 *
 The Honorable Benjamin F. Gibson, United States District Judge for the Western District of Michigan, sitting by designation