869 F.2d 1488
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Paul BAISDEN, Petitioner-Appellant,
v.
Arthur TATE, Respondent-Appellant,
 No. 88-3474.
 United States Court of Appeals, Sixth Circuit.
 Feb. 13, 1989.
 
 1
 Before MERRITT, KRUPANSKY and DAVID A. NELSON, Circuit Judges
 
 ORDER
 
 2
 Paul Baisden, an Ohio State prisoner, appeals the district court order dismissing his habeas corpus petition filed pursuant to 28 U.S.C. Sec. 2254. Baisden has also filed a motion for production of state records. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial, petitioner was found guilty of rape and gross sexual imposition and thereafter sentenced to a term in prison. Following exhaustion of state court remedies, he petitioned the district court for federal habeas review of six arguments which essentially raised three claims. His first argument challenged his conviction on the ground that he was not given sufficient notice of the exact date upon which the rape allegedly occurred; the second challenged the trial court's jurisdiction on the ground that there was insufficient evidence of proper venue; and the last was a blanket challenge to his restraint on the ground that his constitutional right to a fair trial was violated. The district court dismissed the petition as without merit.
 
 
 4
 Upon consideration, we conclude that because petitioner was afforded fair notice of the charges against him and of the time frame during which the crime allegedly occurred, the district court properly dismissed the petition. See Koontz v. Glossa, 731 F.2d 365, 369 (6th Cir.1984).
 
 
 5
 Furthermore, we conclude that petitioner's second claim is not cognizable in federal habeas corpus and was therefore properly dismissed because matters concerning venue involve matters of state law. See Pulley v. Harris, 465 U.S. 37, 41 (1984).
 
 
 6
 Accordingly, the order of the district court is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.