CITY OF CLEVELAND, Appellee,

v.

MAKRIS, Appellant.

[Cite as *Cleveland v. Makris* (1993), 90 Ohio App.3d 742.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 62100 and 62101.

Decided Aug. 11, 1993.

*Martha R. McCorkle,* Assistant Director of Law, for appellee.
*Michael Westerhaus,* for appellant.

DYKE, Chief Justice.

Defendant-appellant, Nikitas Makris, appeals the judgment of the Housing Division of the Cleveland Municipal Court which imposed a fine of $5,000 for each of two continuing violations of the Building and Zoning Code of the Codified Ordinances of the city of Cleveland.

In five assignments of error, the appellant claims that he was not served with a complaint, that the judgment was unsupported by the evidence, that the court erred in imposing two $5,000 fines, that the court failed to allow him to present a defense and that the court failed to allow him to make a statement in mitigation of punishment. His assignments of error are without merit. The judgment of the trial court is affirmed.

On August 1, 1990 and August 10, 1990, notice of violations for 3500–02 Denison Street in the city of Cleveland were issued in the names of Dimitros and Stamatia Makris. The August 1 notice specified violations of Cleveland Codified Ordinances including failure to apply for proper permits (3105.26) and failure to secure permits for change of use (327.02) in municipal court case No. 3983A. The August 10, 1990 notice specified failure to employ licensed workers (3107.01) and failure to provide adequate plumbing (4101.2–51–04[B] ) in municipal court case No. 5541A.[1] Compliance dates for these violations were August 21, 1990 and September 17, 1990.

On February 12, 1991 and March 6, 1991, the city of Cleveland filed two complaints in the Criminal Branch of the Cleveland Municipal Court in the names of Dimitros and Stamatia Makris for failing to meet the above-cited compliance dates. The notices and complaints were served at 5787 Sleepy Hollow Road, Valley City, Ohio, the appellant's address. On March 18, 1991 and April 1, 1991, Dimitros and Stamatia Makris failed to appear in housing court. The court then issued warrants and continued the cases.

On May 1, 1991, the appellant appeared in court in response to the warrants. The court granted the city's motion to amend the complaint to include the appellant, who then proceeded to enter a plea of no contest to the violations. The

---

1. These cases were consolidated for purposes of this appeal.

court continued the cases to May 16, 1991, at which time it conducted a hearing, found the appellant guilty of the violations to which he had pled no contest, and imposed the above-cited fines.[2] On June 11, 1992, the court conducted another hearing in response to appellant's motion to mitigate fines. The court overruled appellant's motion and the appellant filed the instant appeal.

## I

"The trial court erred by making Nick Makris a party to a criminal action, when he was not the owner of the property subject to the violations and had not been served with the complaint or summons."

█ Crim.R. 7(D), amendment of indictment, information or complaint, provides that:

"The court may at any time before, during, or after trial amend the * * * complaint * * * in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged."

The city prosecutor stated that the appellant was in fact in charge of and responsible for the properties cited in the complaint, that notice of the violations and the subsequent complaints were served at the appellant's address, that of the seventy-eight properties known to be controlled by the appellant, fewer than half were listed in his name, that the city had repeatedly had to amend complaints to prosecute violations on properties directly under appellant's control, that the appellant had repeatedly been unable to give the city an address where his parents could be reached and that the address given by the appellant for the purpose of receiving city notices, title search and tax information, etc., had been his own address.

The record also demonstrates that on May 1, 1991, the appellant appeared in court in response to warrants issued in both cases, that the city moved the court to amend the complaint to include the appellant, that the appellant declined his right to counsel, that the appellant declined his right to a continuance and that he entered a plea of no contest to the violations, which the court accepted.

The record further demonstrates that on May 16, 1991, the appellant appeared in court, produced a contract and receipts for plumbing work allegedly completed on the property and requested more time to pay the fines.

The prosecutor's testimony and the appellant's own conduct indicate that the properties at issue were directly under the appellant's control, that the appellant

2. Appellant received a bench trial.

had notice of the violations and subsequent complaints and that the appellant regularly responded to complaints in the housing court which were subsequently amended to name him as a party.

Under Crim.R. 7(D) it was neither error nor an abuse of discretion for the court to grant the city's motion to "amend the * * * complaint * * * in respect * * * of any variance with the evidence." The "variance with the evidence" which was addressed by the court was the fact that the appellant, not his parents, directly controlled the properties cited in the violations. Hence, the trial court did not err in making Nikitas Makris a party to the action.

Appellant's first assignment of error is, therefore, overruled.

## II

"The court erred in finding appellant guilty based upon the insufficient evidence presented at the trial."

■ Appellant advances three arguments in support of his second assignment of error. First he claims that he was convicted based upon insufficient evidence, because there was no testimony that he was the owner of the property or that he had failed to secure change-of-use permits.

"A plea of no contest to a criminal charge allows the court to make a determination of guilty from the explanation of the circumstances." *Springdale v. Hubbard* (1977), 52 Ohio App.2d 255, 6 O.O.3d 257, 369 N.E.2d 808.

The record demonstrates that the appellant pled no contest to the complaints *after* the court granted the city's motion to amend the complaint to name the appellant a party to the action. By pleading no contest the appellant admitted the truth of the matters asserted in the complaints, which included ownership and direct control of the properties and failure to secure change-of-use permits. Under *Springdale,* the court did not have to take testimony regarding these matters. It could and did find the appellant guilty from an explanation of the circumstances as provided by the city's building inspector.

■ Second, the appellant contends that he was not charged with failing to secure permits in case No. 3983A because the complaint cited Section 3105.26 of the Codified Ordinances of the city of Cleveland, which merely refers to a schedule of inspection fees.

R.C. 2941.03 provides:

"An indictment or information is sufficient if it can be understood therefrom:

" * * *

"(E) That the offense was committed at some time prior to the time of finding of the indictment or filing of the information."

The citation about which the appellant complains reads as follows:

"3105.26   Failing to apply for the proper permits from Building and Housing.

"327.02   There shall be no change, substitution or extension in the use of any building or premises, nor shall any building or premises be occupied for any new and or accessory use, until the required use permit or certificate of occupancy has been issued by the Division of Building.

"PENALTY: Section 3103.99(a) of the Codified Ordinances.  Whoever violates any provision of this Building Code or regulation or order promulgated thereunder, or any code adopted herein, or fails to comply with any lawful order issued pursuant thereto is guilty of a misdemeanor of the first degree and shall be fined not more than one thousand dollars ($1000) or imprisoned not more than six (6) months or both.  Each day during which noncompliance or a violation continues shall constitute a separate offense."

While a review of the ordinances indicates that Section 3105.26 does refer to a general list of inspection fees, the text of the complaint clearly indicates a change-of-use violation under Section 3105 (Permits and Occupancy Certificates) of the city's building code, to which Section 3103.99(a), the building code's penalty section applies.

Last, the appellant claims that the violation cited in case No. 5541A, to wit, failing to use licensed workers, does not apply to property owners.  Appellant cites no authority for this contention.  Moreover, the complaint cites not only "owner(s)" but "persons directly in control of property."  There is ample evidence in the record that the appellant directly controlled the property cited in case No. 5541A and failed to employ licensed workers.

"An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492.

A city of Cleveland building inspector testified that he had conducted an inspection of the Denison Street properties on the day prior to trial and that no work had been done to bring the properties into compliance.  The inspector further testified, over appellant's claims that he had hired a plumber to accom-

plish the work, that no permits had been secured from the city of Cleveland. Lastly, he explained that without the required permits, work could not be legally commenced.

After viewing the evidence, in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crimes, *viz.,* failure to apply for and secure building and use permits, failure to employ licensed workers and failure to provide adequate plumbing, proven beyond a reasonable doubt. Hence, the trial court did not err in finding the appellant guilty based upon insufficient evidence. See, *Jenks, supra,* and *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132. Appellant's second assignment of error is, therefore, overruled.

### III

"The court erred in the imposition of $5000.00 fines in both cases."

Appellant advances two arguments in support of his third assignment of error.

In his first argument, appellant contends that the trial court erred by imposing a $5,000 building code fine for inadequate plumbing when the complaint cited an Ohio Administrative Code violation, to wit, Ohio Adm.Code Chapter 4101:2–51.[3] Appellant's argument is misleading.

A review of the Codified Ordinances of the city of Cleveland demonstrates that Ohio Adm.Code Chapter 4101:2–51 had been incorporated into the city's building code.

Chapter 3133.01 (Plumbing, Scope and Application) of Title XIII of the Building Code provides that:

"(a) * * * the provisions of OAC Chapter 4101:2–51 *and* this chapter shall govern the installation, alteration, removal, replacement and repair of all drainage systems, plumbing systems, water supply systems * * * in all buildings including single family, two-family and three-family dwelling houses."

The fact that appellant's complaint cites that section of the Ohio Administrative Code that governs the standards by which plumbing work shall be accomplished in no way diminishes the fact that the appellant was charged under the city's building code and, hence, can be fined under it pursuant to Section 3103.99(a), which provides that:

---

**3.** The citation which appears in appellant's complaint reads as follows:

"4101.2–51–04(B) Where a plumbing system does not produce conditions which are adequate for safety or for health, the owner shall make such alterations, repairs, additions, or replacements as are necessary to provide conditions of plumbing adequate for health and safety."

"Whoever violates any provision of this Building Code or regulation or order promulgated thereunder, or any code adopted herein, or fails to comply with any lawful order issued pursuant thereto is guilty of a misdemeanor of the first degree and shall be fined not more than one thousand dollars ($1000) or imprisoned not more than six (6) months or both. Each day during which noncompliance or a violation continues shall constitute a separate offense."

Consequently, appellant's first argument fails.

■ In his second argument, the appellant claims that the court erred in imposing a $5,000 fine in case No. 3983A because he had no notice of the violations and because there was no testimony as to the number of days that the property had been in noncompliance.

The prosecutor stated that notice of the violations and the complaints were served at the appellant's address and that the property had been out of compliance since August 1990. Under the "each day" language of Section 3103.99(a), the court could have imposed a fine in excess of $300,000. Thus, appellant's second argument fails. His third assignment of error is, therefore, overruled.

IV

"The trial court deprived the appellant of a fair trial by failing to allow him to present a defense."

■ The record demonstrates that the appellant entered a plea of no contest to the complaints. A plea of no contest to a criminal charge allows the court to make a determination of guilty from the explanation of the circumstances. *Springdale v. Hubbard* (1977), 52 Ohio App.2d 255, 6 O.O.3d 257, 369 N.E.2d 808. A plea of no contest is merely a vehicle for a defendant. By admitting the truth of the facts alleged in the indictment, he allows the court to find him guilty. *State v. Pernell* (1976), 47 Ohio App.2d 261, 1 O.O.3d 318, 353 N.E.2d 891.

In the instant case the complaints charged inadequate plumbing and various permit violations. The city's building inspector testified that the property remained in a state of noncompliance and that permits had not been secured. In light of the appellant's plea and the inspector's explanation of circumstances, the issue of affording the appellant an opportunity to present a defense is moot. The trial court did not err by failing to allow the appellant to present a defense.

Appellant's fourth assignment of error is, therefore, overruled.

V

"The trial court erred by failing to allow appellant to present the statement in mitigation of punishment as required by Criminal Rule 32(A)(1)."

■ Crim.R. 32(A)(1) provides that "[b]efore imposing sentence the court * * * shall address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment."

The record demonstrates that the court did not afford the appellant an opportunity to make a statement prior to sentencing. However, in light of appellant's plea and the city's evidence, we find this error to be harmless as it failed to prejudice the appellant. Even if the court had permitted the appellant to make a statement, the outcome of the trial would have been the same beyond a reasonable doubt. See Crim.R. 52(A) and *State v. Williams* (1983), 6 Ohio St.3d 281, 6 OBR 345, 452 N.E.2d 1323.

Appellant's fifth assignment of error is, therefore, overruled. Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

PRYATEL, J. concurs with opinion.

HARPER, J., dissents.

AUGUST PRYATEL, J., retired, of the Eighth Appellate District, sitting by assignment.

PRYATEL, Judge, concurring.

I concur with the decision of the majority as rendered under the facts of the present appeal. I must, however, express my concerns as to the due process requirement of notice, which is applicable to a prosecution for a misdemeanor that must be brought by indictment, information or a complaint in courts inferior to the court of common pleas.

Ordinarily, a criminal defendant must be provided knowledge of a pending offense or criminal violation in order to satisfy the due process requirement of notice. See Crim.R. 5 and Crim.R. 10. A waiver of the formal notice requirement is possible only when it is apparent that a defendant was aware of the pending charge and that further proceedings, whether a trial or a plea of guilty or no contest, occurred without the defendant's objection. That is the case herein, where the appellant was apprised of the specific violations of the Cleveland Codified Ordinances, the appellant voluntarily appeared in open court,

the appellant refused counsel and the appellant refused a continuance of trial. *Hendrix · v. Eighth & Walnut Corp.* (1982), 1 Ohio St.3d 205, 1 OBR 230, 438 N.E.2d 1149. Absent these facts, the appellant could not have waived notice and the trial court would indeed have been prevented from making the appellant a party to the original criminal action.

HARPER, Judge, dissenting.

I respectfully dissent from the majority's disposition of this case. Specifically, I disagree with the finding that the "variance with the evidence" indicates that appellant and not his parents actually controlled the properties cited in the violations and, therefore, the trial court did not err in making Nikitas Makris the defendant in this action.

The Due Process Clauses of both the United States Constitution and the Ohio Constitution dictate that criminal proceedings be guided by certain basic principles. "Regard for the requirements of the Due Process Clause 'inescapably imposes upon this Court an exercise of judgment upon *the whole course of the proceedings* [resulting in a conviction] in order to ascertain whether they offend those canons of decency and fairness which express the notions of justice of English-speaking peoples even toward those charged with the most heinous offenses.'" (Emphasis added.) *Rochin v. California* (1952), 342 U.S. 165, 169, 72 S.Ct. 205, 208, 96 L.Ed. 183, 188, quoting *Malinski v. New York* (1945), 324 U.S. 401, 416–417, 65 S.Ct. 781, 789, 89 L.Ed. 1029, 1039 (Frankfurter, J.). If the entire criminal proceeding is to be conducted with decency and fairness even when involving the most heinous of crimes, the proceeding is certainly to be conducted with that same decency · and fairness when the offense is not so apparently heinous, *e.g.,* when an individual is charged with a housing code violation. ·

The Due Process Clause is not meant to restrict a state's or municipality's power to define a crime but is meant to check the manner in which the state or municipality chooses to enforce its laws. Thus in reviewing whether the manner chosen by the state or municipality violates an individual's right to due process, "we must be deeply mindful of the responsibilities of the States for the enforcement of criminal laws * * *." *Malinski,* 324 U.S. at 418, 65 S.Ct. at 789, 89 L.Ed. at 1040 (Frankfurter, J.).

A charging state or municipality uses an indictment, information, complaint, or bill of particulars in enforcing its laws. The charged party is notified of pending charges through these mechanisms so in all fairness, and in line with due process,

the party can prepare an adequate defense. See *Koontz v. Glossa* (C.A.6, 1984), 731 F.2d 365; *Middletown v. Blevins* (1987), 35 Ohio App.3d 65, 519 N.E.2d 846.

The only means by which the indictment, information, or complaint may be amended is Crim.R. 7(D). The rule expressly provides:

"(D) Amendment of Indictment, Information or Complaint. The court may at any time before, during, or after trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged. * * * "

The rule allows for the amendment of a complaint for defects, imperfections, omissions in form or substance or for variances in the evidence. See *State v. O'Brien* (1987), 30 Ohio St.3d 122, 127, 30 OBR 436, 440, 508 N.E.2d 144, 148. The rule does not address whether the named defendant in an indictment, information or complaint can be replaced with another defendant through amendment. Frankly speaking, I believe the rule assumes that the party named as the defendant is the correct party and leaves no room to replace the named defendant with another. If the rule strictly forbids any amendments as to the name or identity of the crime charged, which it expressly does, I am at a loss to understand how in the present case the majority allows an amendment of the named defendant.

The majority condones the enforcement of laws through a mechanism which not only deprives Nikitas Makris of due process but encroaches upon any individual's notions of fairness and decency. To be pulled into a courtroom just because you happen to be in the wrong place at the wrong time, even if the evidence suggests that the party is fully aware of what is going on around him as in this case, involves an element of surprise which should be tempered by due process. It is a dangerous precedent to set and one which I hope will be solely limited to the specific facts of this case alone.