72 F.3d 130
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Coy R. TROUTMAN, Petitioner-Appellant,
v.
Melody TURNER, Respondent-Appellee.
 No. 95-3597.
 United States Court of Appeals, Sixth Circuit.
 Dec. 7, 1995.
 
 Before: BROWN, NELSON and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Coy R. Troutman appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. Sec. 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial in the Lorain County, Ohio, Court of Common Pleas in 1990, Troutman was convicted of one count of intimidation and one count of assault. Troutman was sentenced to concurrent terms of imprisonment of 2 to 10 years and six months, respectively. The Ohio Court of Appeals affirmed the convictions on appeal, and the Ohio Supreme Court denied leave to appeal.
 
 
 3
 Thereafter, Troutman filed his federal habeas petition in the district court, alleging that: (1) insufficient evidence was presented at trial to support his intimidation conviction; (2) the state trial court improperly found that petitioner waived his right to move for a judgment of acquittal by failing to renew an earlier motion at the close of evidence; (3) his conviction for intimidation violates due process because he acted under a belief that the victim acted improperly; (4) the trial court erred in refusing to give "defense of family" and "no retreat" jury instructions; and (5) he received ineffective assistance of counsel at trial and on appeal. Respondent filed a return of the writ, and petitioner submitted a traverse. The district court entered an opinion and order in which it rejected most of petitioner's claims and directed respondent to file a supplemental return of writ with respect to one of petitioner's ineffective assistance of counsel claims. Respondent filed a supplemental return of writ, and plaintiff again filed a traverse. The district court dismissed the petition in its entirety. Petitioner filed a timely notice of appeal, and the district court granted petitioner a certificate of probable cause to appeal.
 
 
 4
 On appeal, petitioner contends that: (1) his intimidation conviction is not supported by constitutionally adequate evidence; and (2) the district court erred in concluding that some of his claims are barred by procedural default. Respondent contends that petitioner's claims are either barred by procedural default or otherwise lack merit. Upon consideration, the judgment is affirmed essentially for the reasons stated by the district court in its opinions and orders filed September 29, 1994, and April 23, 1995.
 
 
 5
 This court reviews de novo the dismissal of a petition for habeas corpus relief. Carter v. Sowders, 5 F.3d 975, 978 (6th Cir.1993), cert. denied, 114 S.Ct. 1867 (1994). Generally, a Sec. 2254 petitioner is required to fairly present claims for habeas corpus relief to the state courts before relief is available in the federal courts. See Castille v. Peoples, 489 U.S. 346, 349 (1989). In essence, claims must be argued before the state courts in a manner which alerts the courts to federal constitutional claims. Riggins v. McMackin, 935 F.2d 790, 792-93 (6th Cir.1991); Shoultes v. Laidlaw, 886 F.2d 114, 117 (6th Cir.1989); Rudolph v. Parke, 856 F.2d 738, 739-40 (6th Cir.1988). A federal court may not review a federal claim for habeas corpus relief which petitioner has defaulted in the state courts. Coleman v. Thompson, 501 U.S. 722, 750 (1991). Claims which petitioner could have presented to the state courts but which are now barred by state procedural rule are deemed procedurally defaulted. See Murray v. Carrier, 477 U.S. 478, 485 (1986). Federal habeas review of procedurally defaulted claims is precluded unless petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law. Teague v. Lane, 489 U.S. 288, 298-99 (1989); Murray, 477 U.S. at 488 (1986); Riggins, 935 F.2d at 793.
 
 
 6
 Submission of a new claim to a state's highest court on discretionary review does not constitute fair presentation of a claim to the state courts. Castille, 489 U.S. at 349. Petitioner did not argue the claims asserted herein in federal constitutional terms in the Ohio Court of Appeals. While petitioner asserted his claims before the Ohio Supreme Court on discretionary review, this does not constitute fair presentation of his federal claims to the Ohio courts. See id. Moreover, petitioner cannot now present his claims to the Ohio courts in federal constitutional terms because he could have raised them on direct appeal. See Ohio Rev.Code Sec. 2953.21; State v. Cole, 443 N.E.2d 169, 171 (Ohio 1982); State v. Perry, 226 N.E.2d 104, 105 (Ohio 1967). Thus, petitioner must show cause and prejudice before habeas relief is warranted.
 
 
 7
 Petitioner has made no showing of cause and prejudice in the district court or on appeal, and no facts which would establish cause and prejudice are otherwise apparent in the record. Petitioner's claims lack merit, and the district court correctly concluded that this case does not reflect circumstances in which cause and prejudice need not be shown such as where petitioner is actually innocent or where a miscarriage of justice will otherwise occur. See Coleman, 501 U.S. at 750; Murray, 477 U.S. at 495.
 
 
 8
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.