[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Following a no-contest plea, defendant-appellant, Spencer McAninch, was convicted of one count of taking the identity of another pursuant to R.C. 2913.49(B) and two counts of forgery pursuant to R.C. 2913.31(A)(3). The trial court sentenced him to seventeen months' incarceration on each count, to be served consecutively. In his three assignments of error, he now contends that the trial court's sentences were improper.
In his first assignment of error, he argues that the trial court erred in imposing consecutive sentences because it failed to follow the mandate of R.C. 2929.14(E)(4). We agree. The sentencing statutes do not "require talismanic words from the sentencing court" as long as the findings are apparent from the record. State v. Cowperthwaite (Dec. 29, 2000), Hamilton App. No. C-000347, unreported; State v. Parsons (Nov. 26, 1999), Hamilton App. No. C-980900, unreported. But the record in this case does not show that the trial court made the necessary findings to justify the imposition of consecutive sentences.
The court did not complete the portion of the felony sentencing worksheet relating to consecutive sentences. At the sentencing hearing, the court discussed McAninch's lengthy history of similar offenses. Therefore, the court did make a finding that the offender's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by the offender pursuant to R.C.2929.14(E)(4)(c). But nothing in the court's comments indicated that it had specifically found that consecutive sentences were necessary to protect the public from future crime or to punish the offender, or that consecutive sentences were not disproportionate to the offender's conduct and to the danger the offender posed to the public, as R.C. 2929.14(E)(4) also requires.
Since the court failed to make the appropriate findings, the consecutive sentences were contrary to law. See R.C. 2953.08(A)(4). Accordingly, we sustain McAninch's first assignment of error.
In his second assignment of error, McAninch states that the trial court erred in entering a sentence in excess of six months for the violation of R.C. 2913.49(B). He contends that because the trial court never made a finding concerning the value of the credit, property, services, debt, or other legal obligation involved in the violation or course of conduct, the offense of taking the identity of another pursuant to R.C. 2913.49(B) was a first-degree misdemeanor for which the maximum sentence was six months. R.C. 2913.49((E); R.C. 2929.21(B)(1).
Similarly, in his third assignment of error, he contends that the trial court erred in entering a sentence in excess of twelve months for each of the violations of R.C. 2913.31(A)(3). He contends that because the trial court never made a finding concerning the value of the property or services or the loss to the victim, the offense of forgery pursuant to R.C. 2913.31(A)(3) was a fifth-degree felony, for which the maximum sentence was twelve months. R.C. 2913.31(C)(1)(b); R.C. 2929.14(A)(5). These assignments of error are not well taken.
Generally, when a person is charged with a theft offense, the trier of fact must return a finding on value. R.C. 2913.61(A). If the trier of fact fails to do so, the accused may only be sentenced for a misdemeanor theft offense. State v. Bateman (June 26, 1997), Franklin App. No. 96APA09-1159, unreported; State v. Sankey (Sept. 27, 1990), Franklin App. No. 89AP-437, unreported.
In this case, the indictment charged that the value involved in each of the three offenses was more than $5,000, but less than $100,000, which raised each offense to a fourth-degree felony. R.C. 2913.31(C)(2)(i); R.C. 2913.49(E). The no-contest plea was a complete admission of the facts alleged in the indictment. Crim.R. 11(B)(2); State v. Bird (1998),81 Ohio St.3d 582, 584,692 N.E.2d 1013, 1015. The state's explanation of circumstances also stated that the value involved in the offenses was more than $5,000, but less then $100,000. Consequently, the court properly found McAninch guilty of the offenses as charged, see Bird,supra, at 584, 692 N.E.2d at 1015; Cleveland v. Makris (1993),90 Ohio App.3d 742, 749, 630 N.E.2d 739, 743, and could have properly sentenced him for three fourth-degree felonies. See State v. Caldwell
(Nov. 16, 2000), Franklin App. No. 99AP-1107, unreported; State v.Burrell (Sept. 14, 2000), Cuyahoga App. No. 76890, unreported; Bateman,supra. Accordingly, we overrule McAninch's second and third assignments of error. Based on our holding in his first assignment of error, we affirm the findings of guilt, but vacate the consecutive sentences and remand this case for resentencing in accordance with the law.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Hildebrandt and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.