NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a0891n.06

No. 09-3551

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Aug 14, 2012*

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| CRAIG HRUBY, | ) | |
| | ) | ON APPEAL FROM THE |
| *Petitioner-Appellant*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| v. | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| JULIUS WILSON, Wareden, | ) | |
| | ) | O P I N I O N |
| *Respondent-Appellee*. | ) | |

BEFORE:    COLE and DONALD, Circuit Judges; SARGUS, District Judge.[*]

COLE, Circuit Judge.  Defendant-Appellant Craig Hruby, convicted of two counts of gross

sexual imposition in violation of Ohio Revised Code § 2907.05, appeals the district court's denial

of his petition for a writ of habeas corpus.  On habeas review, Hruby challenges the trial court's

admission of prior bad acts under Ohio Rule of Evidence 404(B) and the admission of expert witness

testimony, asserting that the trial court's decisions denied him a fair trial, in violation of his due

process right under the Fifth and Fourteenth Amendments.  Hruby failed to adequately raise these

due process claims before the state courts, and they are, therefore, procedurally defaulted.  Because

Hruby has not demonstrated cause and prejudice sufficient to overcome procedural default, we

AFFIRM the district court's denial of Hruby's petition for a writ of habeas corpus.

---

[*] The Honorable Edmund A. Sargus, Jr., United States District Judge for the Southern
District of Ohio, sitting by designation.

I. BACKGROUND

*A. Factual Background*

In 2001, Hruby was indicted in Cuyahoga County, Ohio, on one count of rape and sixty-six counts of gross sexual imposition. *State v. Hruby*, No. 81393, 2003 WL 360936, at *1 (Ohio Ct. App. Feb. 20, 2003). The state alleged that Hruby committed these improper sexual acts on his stepdaughter between January 1992 and December 1996, when she was between five and nine years old. *Id.* During the trial, the court granted Hruby's pretrial motion in limine to exclude evidence of the stepdaughter's medical examination on the basis that the examination, which occurred eight years after the alleged sexual misconduct, was confusing, misleading, inconclusive, and highly prejudicial. *Id.* at *1-2. Unable to present a case without this evidence, the prosecution appealed under Ohio Rule of Criminal Procedure 12(K), lost, and dismissed the case. *Id.*

In 2003, an Ottawa County, Ohio, grand jury indicted Hruby on four counts of gross sexual imposition. *Hruby v. Wilson*, No. 3:06-cv-1362, 2009 WL 961181, at *1 (N.D. Ohio Apr. 8, 2009). This indictment alleged that between July and September 1998 Hruby engaged in four separate acts against his then eleven-year-old stepdaughter, in violation of Ohio Revised Code § 2907.05. *Id.* Prior to trial, Hruby filed a motion in limine requesting the exclusion of the prior bad acts alleged in the Cuyahoga County case. *Id.* The trial court denied the motion, and during the course of the three-day trial, the jury heard testimony regarding those acts. Defense counsel objected to the admission of this evidence, based on the defendant's pretrial motion in limine, but the trial court overruled this continuing objection.

The state also presented the testimony of an expert witness, Leslie Witherell, a licensed social worker and mental health therapist who counseled the victim. Hruby contends that Witherell, at various points during her testimony, commented on the "veracity" of the stepdaughter's accusations. Believing the expert witness to be improperly testifying as to the veracity of the accuser, defense counsel objected and moved for a mistrial. Although the trial court noted the precarious nature of Witherell's testimony, it denied the motion for a mistrial and instructed the prosecutor to "rein Witherell in" to prevent further improper testimony.

The jury acquitted Hruby of one count of gross sexual imposition, convicted him of two counts, and the court granted Hruby's motion for acquittal on the fourth count, due to insufficient evidence. The court later sentenced Hruby to two four-year concurrent sentences of imprisonment as well as up to five years of post-release control and designation as a sexually oriented offender.

*B. Procedural History*

Hruby appealed his conviction and sentence to the state court of appeals, presenting six assignments of error. Of these claims, only one—the third assignment of error—is relevant to the issue before us: "The trial court erred in denying defendant-appellant's motion for mistrial in that the prejudice created by the testimonial evidence of the expert witness far outweighed its probative value." The state court of appeals rejected all six arguments and affirmed the judgment and sentence of the trial court. Hruby then appealed to the Supreme Court of Ohio, raising two claims, but that court declined to hear the case and dismissed the appeal.

Proceeding pro se, Hruby timely filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of Ohio. Hruby's petition raised two claims:

> 1. [C]onvict[ion] obtained in violation of the Federal Constitution's Fifth and Fourteenth Amendments where the state trial court deprived petitioner due process of law by erroneously admitting highly prejudicial evidence of 'prior bad acts' the effect of which deprived petitioner of a fundamentally fair trial. see U.S.C.A. Const. Amend. 5, 6, and 14.
>
> 2. [C]onviction obtained in violat[ion] of the Fifth and Fourteenth Amendments where the state trial court, and in acting 'arbitrarily and unconscionably' patently failed to make specific rulings regarding the admissibility and introduction of certain highly prejudicial evidence, which evidence, being unsubstantiated and irrelevant, did deprive petitioner of a fundamentally fair trial. see: U.S.C.A. Const. Amends. 5, 6, and 14.

*Hruby*, 2009 WL 961181, at *2. The district court denied the claims, deeming them both procedurally defaulted. As for the second claim, Hruby argued that the claim was not procedurally defaulted because "his second ground for habeas relief is identical to his third assignment of error that he presented on direct appeal . . . ." *Id.* at *6. Rejecting this argument, the district court noted "that the claim presented to the state court of appeals was a wholly different theory than the one Hruby now presents before the Court." *Id.* "Hruby asked the state court of appeals to determine whether the trial court abused its discretion in denying his motion for a mistrial—a state law claim, whereas he now asks this Court to determine whether the trial court violated his right to a fair trial in denying his motion for a mistrial—a federal constitutional claim." *Id.* The district court then deemed the claim procedurally defaulted because Hruby failed to "fairly present" the claim in state court and could not establish cause and prejudice to excuse the procedural default. *Id.*

We granted a Certificate of Appealability on the limited issue of "whether petitioner's second claim for relief (that the state trial court's failure to make specific rulings regarding the admissibility of certain evidence deprived petitioner of a fundamentally fair trial) was procedurally defaulted."

## II. ANALYSIS

Because Hruby filed his habeas petition in June 2006, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs our review of his claims. Under AEDPA, we may grant the writ only if the state court judgment is contrary to or involves an unreasonable application of clearly established law or "was based on an unreasonable determination of the facts in light of the evidence . . . ." 28 U.S.C. § 2254(d)(2); *see Williams v. Taylor*, 529 U.S. 362 (2000). Furthermore, we review a district court's determination that "a petitioner's federal habeas claim is barred because the petitioner procedurally defaulted . . . *de novo*." *Abela v. Martin*, 380 F.3d 915, 922 (6th Cir. 2004).

A petitioner may procedurally default a claim by failing to raise it in state court and pursue it through the state's "established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The procedural default doctrine applies to bar a federal court's review of a state prisoner's federal claim where that prisoner failed to give the state courts a 'full and fair' opportunity to resolve that claim . . . and the prisoner cannot cure that failure because state-court remedies are no longer available." *Hicks v. Straub*, 377 F.3d 538, 551 (6th Cir. 2004). To avoid procedural default, a "petitioner must fairly present to the state courts either the substance of or the substantial equivalent of the federal claim that he is presenting to a federal habeas court." *Id.* at 552.

In his petition for writ of habeas corpus, Hruby raises a claim under the Due Process Clauses of the Fifth and Fourteenth Amendments, alleging that the trial court's admission of evidence without "specific rulings regarding the admissibility and introduction of certain highly prejudicial evidence" deprived him of a fundamentally fair trial. Hruby's reference to highly prejudicial

evidence seems to refer to the admission of the Cuyahoga County acts and Witherell's expert testimony. However, these claims were not fully and fairly presented to the state courts and are, therefore, procedurally defaulted.

In seeking to avoid procedural default, Hruby alleges that his due process claim was raised to the state appellate court in his third assignment of error. This third assignment of error contends that "[t]he court erred in denying defendant-appellant's motion for mistrial in that the prejudice created by the testimonial evidence of the expert witness far outweighed its probative value." Such an allegation does not properly raise a federal claim. A full and fair presentation of the claim requires the petitioner to "present his claim to the state courts as a federal constitutional issue—not merely as an issue arising under state law." *Koontz v. Glossa*, 731 F.2d 365, 368 (6th Cir. 1984). Whether a claim is fairly presented to a state court as a federal constitutional issue is determined by the claim's: (1) reliance on federal cases employing constitutional analysis; (2) reliance on state cases employing federal constitutional analysis; (3) phrasing in terms of constitutional law; or (4) allegations of facts that are well within the mainstream of constitutional law. *See Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003).

A review of Hruby's argument before the state appellate court confirms that his third assignment of error was limited exclusively to state law claims. The claim is predicated on a violation of state law—the denial of a motion of a mistrial—and fails to cite to any federal law, cite to a state or federal case relying on constitutional analysis, or make any reference to due process or any constitutional protection. As the district court correctly noted, "the claim presented to the state court of appeals was a wholly different theory than the one Hruby now presents before the Court."

*Hruby*, 2009 WL 961181, at *6. Hruby asked the state appellate court to review the denial of a motion for mistrial and here changes course, asking us to find a Fifth and Fourteenth Amendment violation. Although Hruby now couches his claim as a federal due process violation, he failed to advance those federal claims in the state court and is now barred from doing so.

Moreover, Hruby's due process claims as made to the Ohio Supreme Court did not constitute full and fair presentment because they were not raised before the Ohio Court of Appeals. A habeas petitioner's submission of a new claim to the state's highest court on discretionary review is not a fair presentation to the state's courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). "[Hruby] did not argue the claims asserted herein in federal constitutional terms in the Ohio Court of Appeals. While [Hruby] asserted his claims before the Ohio Supreme Court on discretionary review, this does not constitute fair presentation of his federal claims to Ohio courts." *Troutman v. Turner*, 1995 WL 728182, at *2 (6th Cir. Dec. 7, 1995).

Therefore, because Hruby failed to fully and fairly present his due process claim to the state appellate court, this claim is procedurally defaulted. "In all cases in which a state prisoner has defaulted his federal claims in state court . . . federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law . . . ." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Hruby has made no allegation of either cause or prejudice and, therefore, cannot overcome the procedural default.

## III. CONCLUSION

The district court's denial of Hruby's petition for a writ of habeas corpus is AFFIRMED.