Otis ELLIOTT, Petitioner-Appellant,

v.

Robert MORFORD, acting Warden, Tennessee State Penitentiary, Respondent-Appellee.

No. 76–1834.

United States Court of Appeals, Sixth Circuit.

Argued Dec. 7, 1976.

Decided July 6, 1977.

---

1. American Federation of Grain Millers Inter-national Union, AFL–CIO, Local 58.

George M. Derryberry, Chattanooga, Tenn. (Court-appointed), for petitioner-appellant.

Otis Elliott, pro se.

R. A. Ashley, Atty. Gen. of Tennessee, William C. Koch, Nashville, Tenn., for respondent-appellee.

Before EDWARDS and PECK, Circuit Judges, and CECIL, Senior Circuit Judge.

CECIL, Senior Circuit Judge.

This is an appeal by Otis Elliott, Petitioner-Appellant, from a denial of his petition for a writ of habeas corpus in the United States District Court for the Eastern District of Tennessee, Southern Division.

The appellant and his co-defendant, Jerry Wayne Mitchum, were jointly indicted with three other co-defendants for the murder of Cornelius C. McClary in a robbery of his store on the morning of July 19, 1972. One other co-defendant was separately indicted for the same offense. On motion, Mitchum and the appellant were granted separate trials from their four co-defendants but not separate from each other. The other four co-defendants were jointly tried from November 27 through December 1, 1972 and convicted in the Bradley County (Tenn.) Criminal Court. They received sentences ranging from 26 to 99 years.

Appellant and his co-defendant were jointly tried on March 20 and 21, 1973 in the Bradley County Criminal Court and convicted of murder in the perpetration of a robbery. They were sentenced to imprisonment for terms of 99 years.

The appellant and his co-defendant, Mitchum, appealed to the Tennessee Criminal Court of Appeals where their convictions were reversed on the ground that they were denied a fair trial. The Supreme Court of Tennessee (524 S.W.2d 473) granted certiorari and reversed the Criminal Court of Appeals, reinstating the convictions.

One of the claims of the appellant, Elliott, in the District Court, is that the admission into evidence of an oral statement of confession violated his Fifth and Fourteenth Amendments on the ground that the statement was coerced and involuntary.

Before trial the appellant filed a motion for the suppression of the evidence of this alleged oral confession. The trial judge conducted a hearing on this motion and, without making any finding of facts as to the voluntariness of the confession, overruled the motion on the morning of the trial and by implication denied the appellant's claim of coercion.

At the hearing on the motion, the appellant testified that he was taken from the jail at about nine o'clock of the second night of his incarceration by deputy sheriffs and kept out for about four hours. The deputies in charge were Wayne Neeley, Wilbur Moore and Chief Detective John Dailey. Elliott testified further that he was weakened from being deprived for four days of the insulin he was required to take, that he was driven around for several hours and finally taken to a cemetery. Here his handcuffs were removed and he was asked if he wanted to escape and where did he want his body sent. He testified that he was severely beaten, his dental plate broken

and other coercive measures inflicted upon him. He also testified that a gun was fired within two feet of his head and told that the next one would be in his head. There was corroborative testimony that there was blood on his white t-shirt, that his mouth was swollen and his dental plate broken.

After he was taken back to jail, Attorney General Earl Murphy was called and, in the presence of the above named officers, he gave the alleged confession. Deputies Wayne Neeley and Wilbur Moore testified at the hearing on the motion to suppress and each one specifically denied the alleged acts of coercion. Attorney General Murphy testified that Elliott had been given his rights, that he said he wanted to make a statement and that his statement was voluntary.

The statement taken by Attorney General Murphy was taped and recorded but not signed. Deputy Neeley testified that this recorded statement was identical to a prior oral statement made by the appellant in the presence of Deputies Neeley and Moore and Detective Bailey.

At the trial the judge refused to order the playing of the tape as the best evidence of the confessions. No other objection was made to the admission of Deputy Neeley's testimony with reference to the confession. He then testified to the alleged oral confession as follows:

"The statement was that he and another gentleman were picked up in Chattanooga on the night of the 18th or approximately midnight. They were picked up in Chattanooga and asked if they would like to make some money and that they had a big deal going. He said that they did, that they would, and they were brought to Cleveland and took to a residence on Inman Street or a place of business where they changed clothes and prepared for this. He stated then that they took two vehicles within the vicinity of where this took place. He remained in one at a Chevron station just off of Keith Street and waited on the rest of the defendants. Then they joined him shortly after this took place and they drove to a place near I–75, where Peerless Road goes under I–75, where one car was abandoned and they all joined in another car and went from there on to William E. Johnson's residence in Charleston where Elliott and two other subjects were placed underneath the residence next door to Johnson there. * * * "

Counsel for appellant cross examined Deputy Neeley with reference to the actions of coercion claimed by the appellant and he denied them as he did at the hearing on the motion to suppress. He also testified that he had no knowledge that the appellant showed any evidence of effects from lack of insulin for his diabetic condition. No other witness who had testified for the State at the hearing on the motion to suppress testified at the trial.

Mrs. Mattie Elliott, the mother of the appellant, testified at the trial to the effect that her son was a diabetic and that he takes U-40 insulin once a day under the direction of Doctor Jesse Quillian. She further testified that, when she saw her son in jail,

"* * * he couldn't open his mouth real good because his upper top lip was swollen bad and he just upped it a little bit like that because it was cut across the top and he just told me, you know, that they had hit him in his mouth and broke his plate." "It was cracked and broke on the side."

Mrs. Erma Jewell Elliott, grandmother of the appellant, testified that there was nothing wrong with the appellant's dental plate the day before he was arrested.

The trial judge instructed the jury with reference to the confession as follows:

"An admission against interest is a statement of fact made by a defendant, which tends to show the defendant is guilty of the crime charged. Evidence of such an admission has been introduced here against the defendants, but you should be cautious in receiving the evidence for this purpose.

"This court has permitted admissions of this evidence of this type but it remains your duty to decide if in fact such state-

ment was ever made. If you believe it was not made, you should not consider it. If you decide the statements were made, you just judge the truth of the facts stated. In so determining, consider the circumstances under which the statement was made. Also consider whether any of the other evidence before you tends to contradict the statements in whole or in part. You must not however arbitrarily disregard any part of the statement, but rather should consider all of the statement you believe is true.

You are the sole judges of what weight should be given this admission. You should consider it or them with all other evidence in the case in determining the defendant's guilt or the defendant's innocence."

We note that the trial judge did not explain to the jury the issue of a coerced or involuntary confession. This is understandable since there was no direct evidence of the alleged force and abuse testified to by the appellant on the motion to suppress. There was no objection to the judge's instructions and no proposed instructions submitted to the judge on the issue of the confession. Under Tennessee Statutes this would not be a basis upon which to charge error. (T.C.A. 40–2517)

In the opinion of the Court of Criminal Appeals of Tennessee, it was stated:

"Upon consideration of all the testimony given at the suppression hearing, the trial judge was of opinion that these two defendants knowingly and understandingly and voluntarily made their respective confessions without any intimidation or abuse or mistreatment or coercion and after being fully advised of their rights."

This statement is not supported by the trial record. While we must assume that the trial judge concluded that the confession was voluntary, as we stated above, he made no finding of facts to that effect.

The court said further that the determination of the trial court

" * * * with reference to compliance with the *Miranda* mandate by interrogat-

ing officers and as to the voluntariness of statements made by the accused during custodial interrogation, is conclusive on appeal unless the appellate court finds that the evidence touching those questions preponderates against the trial judge's findings. (Citations). Upon appeal, the defendant has the burden of showing that the evidence preponderates against such a finding by the trial judge. (Citations). In this case the evidence fully sustains the trial court's findings."

The court further found that the appellant had failed to carry his burden of proof.

Although counsel for the appellant included in his motion for certiorari to the Supreme Court of Tennessee, the issue of the voluntariness of the confession, the court did not directly pass on that issue. It referred to the appellant's motion in the trial court to suppress and to the conclusion of the trial judge that he had confessed freely, voluntarily, and with a knowledge of his constitutional rights. We accept this as an exhaustion of State remedies on this issue.

We have given a detailed account of the history of the procedure in this case in the trial court and through the Appellate and Supreme Courts in order to bring into focus the decision of the District Judge in the case before us.

The District Judge said:

"Having reviewed the full record as it pertains to the admissibility of the petitioner's statement, it is the opinion of the Court that the state trial judge conducted a full evidentiary hearing upon the petitioner's motion to suppress the introduction of the statement and determined that the statement had not been taken in violation of the petitioner's constitutional rights. This ruling was affirmed by both the Court of Criminal Appeals and the Tennessee Supreme Court. Under these circumstances, such determination is presumed to be correct under 28 U.S.C. § 2254(d), and the Court is of the opinion that an evidentiary hearing on this issue is unnecessary."

■ Upon consideration of the record of the trial of the appellant in the State court, we conclude that the District Judge's reliance on the presumption provided in 28 U.S.C. Sec. 2254(d) is misplaced. As we have heretofore stated, the trial judge made no finding of facts on the issue of voluntariness of the confession presented by the motion to suppress and he did not resolve the conflict of testimony presented on the hearing of that motion.

Sec. 2254(d), Title 28, so far as applicable is as follows:

"In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, *unless* the applicant shall establish or *it shall* otherwise *appear,* or the respondent shall admit—

(1) that the merits of the factual dispute were not resolved in the State court hearing; * * * * "

(Emphasis added)

In *Townsend v. Sain,* 372 U.S. 293 at 316, 83 S.Ct. 745 at 759, 9 L.Ed.2d 770, the Court said, "This Court has consistently held that state factual determinations not fairly supported by the record cannot be conclusive of federal rights." (Citations omitted). See also *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774, 12 L.Ed.2d 908.

We agree with the District Judge and the Supreme Court of Tennessee that, while it might have been better for the trial judge to have allowed the appellant a transcript of the hearing on the motion to suppress, no prejudice resulted to the appellant by the failure to do so. Only one witness for the State who testified on the motion to suppress testified at the trial and we have not been shown that there was any conflict in his testimony on those two occasions.

■ The Criminal Court of Appeals reversed the trial court for not allowing transcripts of the hearing on the motion to suppress and of the separate trial of co-defendants on the ground that the appellant was denied a fair trial. The Supreme Court reversed. We agree with the District Court and the Supreme Court that there is no authority requiring the State to make available to an indigent defendant a transcript of the testimony of a third party's trial.

■ There is no merit to the appellant's claim that his Constitutional rights were violated by the admission into evidence of the fruits of a warrantless search of the basement crawl space where he was arrested. The appellant had no proprietary interest in this property and had no standing to object to the search.

There is no merit to the appellant's claim that his Constitutional rights were violated by the denial of a continuance to permit the attendance of a witness who failed to appear. This refers to Dr. Jesse Quillian who was the appellant's physician and the one who prescribed insulin for him. This is pertinent to the issue of the voluntariness of the confession and can be considered on a hearing of that issue which will be ordered herein.

■ Another claim made on behalf of the appellant is that his Constitutional rights were violated by prejudicial remarks made by the trial judge during trial. The District Judge did not directly pass on this issue, claiming that appellant had not exhausted his State remedies. Counsel for appellant did present the question in his petition for certiorari but the Supreme Court did not discuss it. We hold that counsel has done all he could to exhaust State remedies. We note that this is an appeal in a habeas corpus proceeding and not a direct appeal from a criminal trial.

■ Of the alleged improper remarks made by the trial judge as set forth in the appellant's brief only two made reference outside the record, viz., "Sir, I have heard

this proof has been before this court before. Now, * * * " and "This matter has been before the court. I will put it that way. * * * " The other remarks were discussions before the jury pertaining to the trial in progress. We do not consider that these remarks would rise to Constitutional proportions amounting to an unfair trial.

 We find no merit to the claim that appellant's Constitutional rights were violated by the trial judge taking judicial notice of certain facts concerning the requirement of the appellant to take insulin. The denial of insulin to the appellant for four days prior to the time that he made his alleged confession is charged as part of the compulsion that led to the incriminatory statements made by the appellant. This can be considered further by the District Judge when he conducts a hearing on the voluntariness of the confession.

Having concluded that there must be a remand to the District Judge to conduct a hearing on the issue of the voluntariness of the confession, we do not reach the issue of the alleged violation of the *Bruton* Rule, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476.

We reverse and remand the case with instructions to the District Judge to conduct a hearing on the issue of whether the alleged confession was voluntary.