**Otis ELLIOTT, Petitioner-Appellant,**

**v.**

**Vincent THOMPSON, Warden, Tennessee State Penitentiary, Respondent-Appellee.**

**No. 78–1231.**

United States Court of Appeals, Sixth Circuit.

Argued Dec. 8, 1978.

Decided June 11, 1979.

George M. Derryberry, Martin & Martin, Chattanooga, Tenn. (Court appointed), for petitioner-appellant.

Brooks McLemore, Atty. Gen. of Tennessee, William C. Koch, Jr., Asst. Atty. Gen., Nashville, Tenn., for respondent-appellee.

Before EDWARDS, Chief Judge, WEICK, Circuit Judge, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an appeal by Otis Elliott, Petitioner-Appellant, from a denial of his petition for a writ of habeas corpus in the United States District Court for the Eastern District of Tennessee, Southern Division. The appellant has previously been before this Court on appeal in this case and our opinion is reported in *Elliott v. Morford*, 557 F.2d 1228 (6th Cir. 1977), *cert. den.* 434 U.S. 1040, 98 S.Ct. 782, 54 L.Ed.2d 790 (1978). The facts are stated in the opinion.

As we stated there, the appellant filed a motion for the suppression of the alleged confession. The Trial Judge conducted a hearing and on the morning of the trial, without making any finding of facts, denied the motion, and thus, by implication, found that the confession was voluntary and not coerced.

"At the hearing on the motion [pp. 1229–30 of the opinion], the appellant testified that he was taken from the jail at about nine o'clock of the second night of his incarceration by deputy sheriffs and kept out for about four hours. The deputies in charge were Wayne Neeley, Wilbur Moore and Chief Detective John Dailey. Elliott testified further that he was weakened from being deprived for four days of the insulin he was required to take, that he was driven around for several hours and finally taken to a cemetery. Here his handcuffs were removed and he was asked if he wanted to escape and where did he want his body sent. He testified that he was severely beaten, his dental plate broken and other coercive measures inflicted upon him. He also testified that a gun was fired within two feet of his head and told that the next one would be in his head. There was corroborative testimony that there was blood on his white t-shirt, that his mouth was swollen and his dental plate broken."

We reversed and remanded the case with instructions to the District Judge to conduct a hearing on the issue of whether the alleged confession was voluntary. On remand the District Judge referred the matter to a United States Magistrate

"for the purpose of conducting such hearings and filing such findings and recommendations as may be necessary and appropriate to the resolution of the issues upon which this case was remanded by the United States Court of Appeals."

The Magistrate conducted an extensive evidentiary hearing and made detailed findings of fact, among which was a conclusionary finding that

"The evidence indicates by a preponderance thereof that Elliott's confession was not the result of any physical or mental coercion, but rather was freely and voluntarily given."

Based on his findings of fact, he recommended that the District Judge find that the confession of appellant Otis Elliott was freely and voluntarily given by him.

Upon the finding and recommendation of the Magistrate, the District Judge entered an order of dismissal of appellant Elliott's petition for a writ of habeas corpus. In this order he made findings as follows:

"The case having been referred to the United States Magistrate for the purpose of conducting an evidentiary hearing and submitting findings and recommendations thereon, the case is now before the Court upon the findings and recommendations of the magistrate, the evidentiary record made before the magistrate, the additional evidence received by this Court upon motion of the petitioner, such additional evidence consisting of the affidavit of Dr. Quillian as supplemented by the petitioner's hospital record, and the exceptions filed on behalf of the petitioner

to the findings and recommendations of the magistrate. Having considered the findings and recommendations of the magistrate and having reviewed the full record in this case, the Court is of the opinion that the evidence preponderates in favor of a finding that the petitioner's confession was freely and voluntarily given, that the findings and recommendations of the magistrate to this effect should be and the same are hereby adopted as the findings of fact and conclusions of law of this Court and that this order of dismissal should enter accordingly."

Upon an examination of the record and a review of the transcript of the testimony heard by the Magistrate, we conclude that the findings and conclusions of the District Judge were not clearly erroneous. We therefore affirm the finding of the District Judge that the confession of the appellant was freely and voluntarily given.

Based on our remand to the District Judge of the confession issue, we did not reach the issue of the alleged violation of the *Bruton* Rule (391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476) in our opinion in *Elliott v. Morford, supra.* We now consider that issue.

The appellant Otis Elliott and his co-defendant, Jerry Wayne Mitchum, were tried jointly before a jury in the State Court. Each had made a confession. Deputy Sheriff Wayne Neely gave oral testimony at the trial of the substance of these confessions. Mitchum's statement placed Elliott at the scene of the robbery and murder, that is outside of the Super Market involved in the crime, whereas the appellant claimed he was over a mile away waiting with one of the get-away cars. Neither defendant testified at the trial.

When two defendants are tried jointly, neither of them testifying in his own behalf, and the confession of one, which incriminates his co-defendant, is admitted into evidence, the co-defendant's right of cross examination, secured by the Confrontation Clause of the Sixth Amendment, is violated. *Bruton v. United States*, 391 U.S. 126–137, 88 S.Ct. 1620.

The Supreme Court of Tennessee held that the *Bruton* Rule, as to Elliott, was violated through the introduction of Mitchum's confession by Wayne Neely. It considered, however, that, in view of the overwhelming evidence of guilt, the error was harmless beyond a reasonable doubt.

The majority opinion of the Court of Criminal Appeals of Tennessee erroneously found that the *Bruton* Rule was not violated for the reason that the confessions of both defendants were admitted into evidence. It considered, however, that even though it was a violation, it was a harmless error.

It has been held that the test of a harmless error is that the court must determine what seems " 'to have been the probable impact * * * on the minds of an average jury,' " and that "unless there is a reasonable possibility that the improperly admitted evidence contributed to the conviction, reversal is not required." In other words, the error would be harmless. *Schneble v. Florida*, 405 U.S. 427, 432, 92 S.Ct. 1056, 1059–1060, 31 L.Ed.2d 340, *Harrington v. California*, 395 U.S. 250, 254, 89 S.Ct. 1726, 23 L.Ed.2d 284, *United States v. Marks*, 6 Cir., 585 F.2d 164, 169.

Although the Court of Criminal Appeals found that the guilt of Elliott and his co-defendant was clearly established, it reversed the conviction on the ground that they were denied a fair trial for the reason that Trial Judge did not allow them transcripts of the testimony of the suppression hearing and of the trials of other participants in the case. The Supreme Court reversed the Court of Appeals and affirmed the conviction.

The facts concerning the crime are not in controversy and are stated in the opinion of the Supreme Court, *State v. Elliott*, 524 S.W.2d 473, at 474–475, as follows:

"Cornelius C. McClary, the owner and operator of the Oakdale Superette in Cleveland, Tennessee, was shot to death and robbed at about 6:30 a. m. on July 19, 1973 (sic). Acting on information previously received by a detective in the Bradley County Sheriff's office, an all-points

bulletin was issued for a 1966 T-Bird and a late model Continental Mark III. Later that morning, officers found the Continental parked at the trailer home of William Johnson in Charleston, Tennessee. Fresh tracks in the dew-wet grass led from the car to a nearby house. On searching the house, the officers found Elliott, Mitchum, and a third negro, identified as Robert T. Arnold hiding under the house. A search of the area where the men were found produced more than $2700.00 in currency some of which was bloodstained, three rings, a wallet containing registration papers belonging to the deceased, and a check for $50.00 which the deceased had cashed for the payee the night of July 18, 1972. Subsequently, the defendants were identified and placed at the Oakdale Superette at the time McClary was killed. According to the identifying witness, Mitchum and another negro were inside the store near the counter and Elliott was just outside the door of the store."

▮ Upon a consideration of the entire record, we conclude that the evidence of the appellant's guilt was overwhelming. There was ample evidence from which the jury could have established the guilt of appellant without reference to the confession of Mitchum. Therefore, we consider that the error was harmless beyond a reasonable doubt. In addition, an identifying witness, at the trial, placed Elliott just outside of the door at the scene of the crime during its commission.

The judgment of the District Court is affirmed.