**Matthew SWEET, Petitioner,**

v.

**Harold CARTER, Warden, Respondent.**

No. 3:97CV7373.

United States District Court,
N.D. Ohio,
Western Division.

Sept. 25, 1998.

Matthew Sweet, Lima, OH, pro se.

Donald G. Keyser, Office Of The Attorney General, Columbus, for Respondent.

## OPINION AND ORDER

JOHN W. POTTER, Senior District Judge.

This matter is before the Court upon Matthew Sweet's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, respondent's return of writ, and petitioner's traverse. Also pending is petitioner's motion to alter or amend judgment or, alternatively, motion for relief from judgment. Petitioner's motion to expedite final decision will be denied as moot.

On March 31, 1998, petitioner filed a motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e) or, alternatively, for relief from judgment pursuant to Fed.R.Civ.P. 60(b).[1] The challenged order, dated March 23, 1998, granted in part and denied in part petitioner's motion to expand the record and denied petitioner's motion for an evidentiary hearing and appointment of counsel. The Court finds that petitioner is not entitled to relief under either rule and will deny petitioner's motion.

Petitioner's motion does not specify the grounds upon which he seeks an alteration or amendment of the March 23, 1998 order. Courts interpreting Rule 59(e) have recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account

---

1. Petitioner's motion also is styled alternatively as "objections" to the order dated March 23, 1998, purportedly to preserve the objections on the record. Petitioner's objections are overruled and are duly noted for the record.

for new evidence not previously available; or (3) to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton,* 994 F.2d 1076, 1081 (4th Cir.1993); *Javetz v. Board of Control, Grand Valley State University,* 903 F.Supp. 1181 (W.D.Mich.1995). Clearly, the first two grounds are inapplicable here. Moreover, the Court finds no clear error of law or manifest injustice in the challenged order. Accordingly, petitioner is not entitled to alteration or amendment of the judgment under Rule 59(e).

Petitioner is not entitled to relief under Fed.R.Civ.P. 60(b) either. Rule 60(b) sets forth six circumstances for which relief from judgment may be granted. Again, petitioner has not specified upon which ground he is seeking relief from judgment. Clearly, subsections (b)(1)-(5) of Rule 60 are not applicable. The residual clause in Rule 60(b)(6) permitting relief from judgment for "any other reason justifying relief from the operation of the judgment," has been held applicable only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of Rule 60(b). *Olle v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir.1990). There are no such exceptional or extraordinary circumstances present here and none are claimed. Accordingly, petitioner is not entitled to relief under Rule 60(b), and his motion will be denied.

Turning to petitioner's § 2254 petition, the Court finds, as an initial matter, that the issues and claims presented here are not complex or so substantial as to require an evidentiary hearing. Furthermore, the petition may be resolved from the record. *See* Rule 8 of the Rules Governing § 2254 Cases; *Townsend v. Sain,* 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963); *Amos v. Scott,* 61 F.3d 333 (5th Cir.1995).

Petitioner is presently incarcerated in the Lima Correctional Institution. On June 18, 1993, petitioner was indicted by the Huron County Grand Jury in a five-count indictment charging him with aggravated trafficking in drugs with prior felony drug offense specifi-

cations, in violation of Ohio Rev.Code § 2925.03(A)(1) and (A)(5), and with having weapons while under disability, in violation of Ohio Rev.Code § 2923.13(A)(3).[2] On October 15, 1993, following a week-long jury trial, petitioner was found guilty on all five counts. On November 23, 1993, petitioner was sentenced to terms of 5–15 years on Counts 1, 3, and 5, 2–5 years on Count 2, and 7–25 years on Count 4, with all sentences to be served concurrently.

Petitioner appealed to the Court of Appeals for Huron County, Sixth Appellate District raising the following assignments of error:

> 1. THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT THE DEFENDANT'S MOTION TO DISMISS FOR VINDICTIVE PROSECUTION.
>
> 2. THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT A RULE 29 MOTION TO ACQUIT IN COUNTS I, II, III, IV AND V FOR LACK OF VENUE
>
> 3. THE TRIAL COURT ERRED WHEN IT ADMITTED INTO EVIDENCE, OVER DEFENDANT'S OBJECTION, TAPED RECORDINGS OF THE ALLEGED DRUG TRANSACTIONS, WITHOUT HAVING FIRST PROPERLY IDENTIFIED DEFENDANT AS ONE OF THE VOICES ON THE TAPES.

On September 9, 1994, the Ohio Court of Appeals found none of petitioner's assignments of error well taken, and affirmed his conviction.

On October 24, 1994, petitioner filed in the Ohio Supreme Court a notice of appeal and memorandum in support of jurisdiction, in which he raised the following propositions of law:

> 1. A PRIMA FACIE DUE PROCESS VIOLATION IS SHOWN WHEN ACTUAL VINDICTIVENESS IS EVIDENCED AND WHEN AN ABSENCE

---

**2.** Petitioner was originally indicted on April 27, 1993. Defendant moved to dismiss the April 27 indictment on the ground that the assistant prosecutor was also a sworn special deputy sheriff, which is impermissible under Ohio law. *See* Ohio Rev.Code §§ 2939.10 and 4705.01. The trial court subsequently dismissed the April 27 indictment by granting the State's motion to dismiss. Petitioner was then re-indicted on June 18, 1993.

OF GOOD CAUSE FOR REINDICT-
MENT HAS OCCURRED PURSUANT
TO R.C. 2941.33 AND CRIMINAL RULE
48(A).

2. BOTH TRIAL COURT AND AP-
PELLATE COURT ERRED WHEN
FAILING TO ADDUCE THAT EVI-
DENCE WAS INSUFFICIENT TO SUS-
TAIN A CONVICTION AS TO COUNTS
I, III, AND IV AS TO THE ELEMENT
OF OFFER TO SELL AND CONSE-
QUENTLY THE ELEMENT VENUE.
TRIAL COURT ERRED WHEN FAIL-
ING TO GRANT RULE 29 MOTION
FOR ACQUITTAL TO COUNTS I, III,
IV FOR LACK OF VENUE.

3. WHEN RECORDINGS OF AL-
LEGED OFFERS TO SELL CON-
TROLLED SUBSTANCE DO NOT AND
HAVE NOT PROPERLY IDENTIFIED
EACH VOICE ON EACH RECORDING
AND AUTHENTIFICATION [SIC] VIA
THESE NECESSARY VOICE IDENTI-
FICATIONS HAVE NOT SHOWN THE
NECESSARY VOICE TO BE THE
VOICE OF THE DEFENDANT, THEN
THE NECESSARY PRECEDENT TO-
WARDS ADMISSIBILITY HAS NOT
BEEN FULFILLED AND INTRODUC-
TION OF THESE RECORDINGS AT
TRIAL AS EXHIBITS VIOLATES DUE
PROCESS.

On March 1, 1995, the Ohio Supreme
Court denied leave to appeal and dismissed
the appeal as not involving any substantial
constitutional question.

On September, 24, 1994, prior to the Ohio
Supreme Court's denial of his motion for
leave to appeal, petitioner filed an application
to reopen his direct appeal in the Ohio Court
of Appeals, alleging that he was denied the
effective assistance of appellate counsel be-
cause his appellate counsel did not raise on
direct appeal numerous alleged instances[3] of
ineffective assistance of trial counsel.[4]

On November 30, 1994, the Ohio Court of
Appeals, after considering each alleged in-
stance of ineffective assistance, found peti-
tioner's claims not well taken and denied his
application to reopen his direct appeal. Peti-
tioner appealed the denial of his application
for reopening to the Ohio Supreme Court.
On June 28, 1995, the Ohio Supreme Court
affirmed the denial of petitioner's application
for reopening. *State v. Sweet*, 72 Ohio St.3d
375, 650 N.E.2d 450 (1995).

On September 28, 1994, just four days
after filing his application for reopening in
the Ohio Court of Appeals and while his
motion for leave to appeal from his conviction
was still pending in the Ohio Supreme Court,
petitioner filed what would be the first of two
motions for post-conviction relief in the Hu-
ron County Court of Common Pleas, alleging
the following claims:

1. THE TELECOMMUNICATION
SEARCH WARRANT ISSUED IN DE-
CEMBER 1992 FOR A WIRETRAN-
SMISSION PLACED ON INFORMANT
JOHN COLEMAN AND ALLOWING
FOR A SEARCH OF 211 1/2 TIFFIN ST.
WILLARD, OHIO WAS INSUFFI-
CIENT AS A MATTER OF LAW AS TO
THE AFFIDAVIT SUBMITTED BY
LAW ENFORCEMENT FOR THE
SEARCH CONDUCTED ON DECEM-
BER 22, 1992.

2. THE COURT'S GRANTING THE
STATE'S MOTION TO NOLLE PROSE-
QUI CASE NO. CRI–93–282 WITHOUT
COMPLYING WITH FEDERAL CRIMI-
NAL RULE 48(A) AND R.C. 2941.33
CAUSES VACATION OF THE JUDG-
MENT IN AND AT TRIAL AND SEN-
TENCING FOR CASE NO. CRI–93–397.

3. DENIAL OF THE SIXTH
AMENDMENT'S MANDATE THAT
THE DEFENDANT RECEIVE THE
EFFECTIVE ASSISTANCE OF COUN-
SEL PURSUANT TO *STRICKLAND V.
WASHINGTON* AND *STATE V. LYTLE*

---

**3.** Petitioner alleged that his trial counsel was
ineffective because he: (1) failed to move for a
bifurcated sentencing hearing; (2) failed to move
to exclude evidence of prior bad acts; (3) failed
to suppress evidence of actual sale of cocaine in
Richland County; (4) failed to move for dismissal
of the superseding indictment; (5) failed to move

for the recusal of the Huron County prosecutor's
office.

**4.** Petitioner was represented by the same attor-
ney both at trial and on direct appeal to the Ohio
Court of Appeals.

ALLOW FOR VACATING THE SENTENCING MANDATE FOR THESE REASONS: (1) COUNSEL'S FAILURE TO MOTION FOR SEVERANCE OF THE WEAPONS WHILE UNDER DISABILITY CHARGE; (2) COUNSEL FAILED TO MOTION FOR EXCLUSION IN ITS CASE IN CHIEF DEFENDANT'S PAST CRIMES AT A BIFURCATED SENTENCING HEARING IN CONJUNCTION WITH THE MOTION FOR SEVERANCE ABOVE MENTIONED; (3) COUNSEL FAILED TO MOVE TO SUPPRESS BEFORE TRIAL ANY AND ALL TESTIMONY OF THE TRANSACTIONS WHICH TOOK PLACE ON DECEMBER 22, 23, 29, 1992 AND JANUARY 7, 1993; (4) COUNSEL FAILED TO MOTION FOR AN EVIDENTIARY HEARING TO SHOW THAT NO GOOD CAUSE IN OPEN COURT OR IN CHAMBERS WITH HIMSELF PRESENT WAS EVER EFFECTED PURSUANT TO CRIM R. 48(A) AND R.C. 2941.33 AS TO THE STATE'S MANDATED REQUIREMENT FOR NOLLE PROSEQUI THE INDICTMENT IN CASE NO. CRI–93–282 AND FURTHER SHOWING GOOD CAUSE WHY REINDICTMENT WAS NECESSARY.

4. THE TRIAL COURT ERRED WHEN OVERRULING DEFENSE COUNSEL'S MOTION AND DEFENDANT'S REQUEST FOR ASSIGNMENT OF NEW COUNSEL.

Petitioner's motion was summarily denied on October 4, 1994. The Ohio Court of Appeals subsequently granted petitioner's application for mandamus and ordered the trial court to file findings of fact and conclusions of law. On November 17, 1994, the trial court filed findings of fact and conclusions of law, then filed further findings of fact and conclusions of law on December 5, 1994.[5]

On December 29, 1994, petitioner filed a notice of appeal from the denial of his post-conviction motion to the Ohio Court of Appeals and, on April 28, 1995, filed a brief alleging six assignments of error:

1. APPELLANT WAS DENIED DUE PROCESS OF LAW WHEN WOODRUFF, SNAVELY, DAYNE, HICKMAN, TAMBASCO, AND COLEMAN ALL COMPLIED IN A CONSPIRACY TO OBSTRUCT JUSTICE BY ALTERING, TAMPERING, FABRICATING, FALSIFYING THE EVIDENCE OF THE CONTROLLED SUBSTANCE AND REPORTS OF ANALYZATIONS.

2. COURT COMMITTED REVERSIBLE ERROR WHEN SUSTAINING STATE'S MOTION TO NOLLE PROSEQUI CASE NO. CRI–93–282 IN AN ABSENCE OF HEARING SHOWING GOOD CAUSE, IN COURT OR IN CHAMBERS, WITHOUT NOTIFICATION TO THE APPELLANT AND COUNSEL, AND WITHOUT SHOWING CAUSE FOR REINDICTMENT, IN VIOLATION OF THE DUE PROCESS RIGHTS OF THE APPELLANT. COUNSEL WAS INEFFECTIVE PURSUANT TO THE SIXTH AMENDMENT AND APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL MANDATED BY THE SIXTH AMENDMENT.

3. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF "CONFLICT FREE" COUNSEL MANDATED BY THE SIXTH AMENDMENT WHEN COUNSEL FAILED TO MOVE THE COURT FOR SEVERANCE OF THE WEAPONS WHILE UNDER DISABILITY CHARGE FROM THE DRUG CHARGES AND COUNSEL WAS INEFFECTIVE IN DENYING THE APPELLANT HIS RIGHTS UNDER THE SIXTH AMENDMENT.

4. APPELLANT WAS DENIED THE ASSISTANCE OF COUNSEL MANDATED BY THE SIXTH AMENDMENT AND COUNSEL WAS INEFFECTIVE PURSUANT TO THE SIXTH AMENDMENT WHEN HE FAILED TO MOTION IN LIMINE BEFORE TRIAL

---

5. Petitioner had filed a second mandamus action on November 28, 1994 requesting more specific findings of fact. The Court of Appeals denied petitioner's second application for mandamus on January 4, 1995.

AND OBJECT AT TRIAL TO IRRELEVANT PORTIONS OF THE TESTIMONY OF THE TRANSACTIONS WHICH OCCURRED IN RICHLAND COUNTY, OHIO AS TO THE "OFFER TO SELL" IN HURON COUNTY.

5. COURT VIOLATED THE "ASSISTANCE OF COUNSEL" CLAUSE OF THE SIXTH AMENDMENT WHEN IT OVERRULED APPELLANT'S MOTION AND COUNSEL'S WRITTEN MOTION TO WITHDRAW.

6. COURT COMMITTED REVERSIBLE ERROR WHEN IT FAILED TO RULE ON MOTION TO RECUSE PROSECUTOR'S OFFICE AND APPOINT A SPECIAL PROSECUTOR IN VIOLATION OF THE SUBSTANTIVE DUE PROCESS RIGHTS OF THE APPELLANT.

On August 21, 1995, the Ohio Court of Appeals dismissed the appeal on the ground that petitioner failed to timely file his notice of appeal within thirty days of the trial court's November 17, 1994 order as required by Ohio App. R. 4.[6] Petitioner subsequently filed a mandamus action in the Ohio Supreme Court requesting that the Court of Appeals be ordered to reinstate petitioner's appeal. The Ohio Supreme Court dismissed petitioner's mandamus action on January 15, 1997.

In October 1994, shortly after his first post-conviction relief motion was initially denied by the Huron County Common Pleas Court, petitioner filed a second motion for post-conviction relief in that same court, this time alleging the fabrication of and tampering with evidence against him at his criminal trial. In November, 1994, petitioner filed a "motion for summary judgment" in regard to the second motion for post-conviction relief, which the trial court denied. On January 4, 1995, the Ohio Court of Appeals denied petitioner's application for a writ of mandamus seeking findings of fact and conclusions of law from the trial court.

On January 24, 1995, petitioner re-filed in the trial court the *same* post-conviction mo-

tion alleging fabrication of evidence and tampering with evidence. Petitioner then filed another mandamus action in the Court of Appeals seeking an order compelling the trial court to rule on his motion. After the Court of Appeals ordered the trial court to show cause, the trial court, on May 17, 1995, dismissed petitioner's motion for post-conviction relief finding that no good cause existed to allow petitioner to file a successive petition. Petitioner's motion for reconsideration was denied on June 5, 1995.

Petitioner then filed in the Court of Appeals a notice of appeal and a motion for leave to file delayed appeal. On October 11, 1995, petitioner's motion for leave to file delayed appeal was denied.

In his present petition for habeas relief, petitioner presents the following claims for relief:

1. PETITIONER WAS DENIED DUE PROCESS WHEN THE STATE FAILED TO SHOW GOOD CAUSE AND IN OPEN COURT OR IN CHAMBERS WITH COUNSEL PRESENT (PURSUANT TO STATE STATUTE, R.C. 2941.33 AND STATE R. 48(A) AND FEDERAL R. 48(A)) FOR DISMISSAL OF CRI–93–282 AND FOR REINDICTING IN CRI–93–397.

2. PETITIONER WAS DENIED DUE PROCESS AND THE COURT ABUSED ITS DISCRETION WHEN KNOWINGLY REFUSING TO HAVE THE STATE SHOW AT AN OPEN COURT OR CHAMBERS HELD HEARING GOOD CAUSE FOR NOT WANTING TO HEAR THE PETITIONER'S COUNSEL'S INITIAL MOTION TO DISMISS INDICTMENT AND FOR DISMISSING CRI–93–282 AND REINDICTING IN CRI–93–397.

3. COUNSEL WAS INEFFECTIVE PURSUANT TO THE SIXTH AMENDMENT WHEN HE FAILED TO MOVE TO VACATE AS VOID THE SUPERCEDING INDICTMENT ON

---

6. The Court noted that the trial court's subsequent order filed on December 5, 1994, did not extend the time for filing an appeal because the order, which ruled on petitioner's motion for reconsideration, was null and void since a motion for reconsideration is not provided for in the Ohio civil rules.

GROUNDS THAT R. 48(A) AND R.C. 2941.33 WERE NOT FOLLOWED ALLOWING HIM TO ARGUE AGAINST DISMISSAL AND REINDICTMENT OF CRI–93–282 AND CRI–93–397.

4. PETITIONER WAS DENIED DUE PROCESS WHEN HE WAS VINDICTIVELY PROSECUTED AND WHEN HIS MOTION TO DISMISS THE INDICTMENT ON VINDICTIVE PROSECUTION GROUNDS WAS OVERRULED.

5. COUNSEL WAS INEFFECTIVE PURSUANT TO THE SIXTH AMENDMENT WHEN HE FAILED TO MOTION TO SEVER THE GUN CHARGE AWAY FROM THE DRUG COUNTS IN THE INDICTMENT.

6. COUNSEL WAS INEFFECTIVE PURSUANT TO THE SIXTH AMENDMENT WHEN HE FAILED TO, BEFORE TRIAL, MOTION IN LIMINE AND EXCLUDE ENTIRELY, ANY MENTION OF ANY TRANSACTION OR EVENT THAT OCCURRED IN RICHLAND, OHIO, AS IRRELEVANT AND INADMISSIBLE.

7. PETITIONER WAS DENIED DUE PROCESS OF LAW WHEN THE TRIAL COURT OVERRULED PETITIONER'S RULE 29 MOTION FOR ACQUITTAL.

8. PETITIONER WAS DENIED DUE PROCESS AND EQUAL PROTECTION WHEN THE STATE ALTERED THE PHYSICAL EVIDENCE AND REPORTS OF EXAMINATIONS OF THE PHYSICAL EVIDENCE BY ALL COMPLYING IN A CONSPIRACY TO KEEP THIS FACT FROM PETITIONER'S KNOWLEDGE WITH PURPOSE TO ALTER THE EXCULPATORY VALUE OF THE ORIGINAL EVIDENCE AND WITH PURPOSE TO PRESENT THIS EVIDENCE TO THE GRAND JURY AND PETIT OR TRAVERSE JURIES IN ORDER TO FALSELY CONVICT THE PETITIONER AND IN ORDER TO HIDE THE FACT THAT THE STATE'S INFORMANT JOHN COLEMAN HAD TAKEN THE ORIGINAL EVIDENCE AND SWITCHED IT ON DEC. 22, 23, 29, 1992 AND JAN.7, 1993, (HIS FOR THE PETITIONER'S) AND GAVE IT TO DETECTIVE BRETT SNAVELY, THIS BEING ALSO OUTRAGEOUS GOVERNMENTAL CONDUCT.

9. PETITIONER WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN THE STATE REFUSED TO AS ORDERED BY THE TRIAL COURT TO DELIVER TO PETITIONER'S ANALYST THE COCAINE EVIDENCE AND COUNSEL WAS INEFFECTIVE PURSUANT TO THE SIXTH AMENDMENT WHEN HE FAILED TO INVESTIGATE THE COCAINE EVIDENCE BEFORE TRIAL INCLUDING THE PHYSICAL EVIDENCE AND REPORTS GIVEN TO HIM UNDER DISCOVERY AND THEREBY MOVE BEFORE TRIAL FOR AN EVIDENTIARY HEARING TO DETERMINE THAT THE REPORTS AND PHYSICAL EVIDENCE OF COCAINE WAS FABRICATED AND THAT THE STATE COMPLIED IN A CONSPIRACY TO PRESENT HIS EVIDENCE TO THE GRAND AND PETIT JURY WAS FABRICATED AND THEN TO MOVE TO EITHER DISMISS THE INDICTMENT OR SUPPRESS ALL EVIDENCE OF THIS ALLEGED CONTROLLED SUBSTANCES AS INADMISSIBLE AS WELL AS THE REPORTS THEREOF AND HAVING FAILED IN THIS COUNSEL FAILED TO AT TRIAL OBJECT, OR IMPEACH THIS EVIDENCE AS WELL AS ALL WITNESSES FOR THE STATE IN THIS CONSPIRACY AND FAILED TO MOVE AT TRIAL TO DISMISS THE INDICTMENT OR MOVE TO SUPPRESS THIS EVIDENCE AND FIND IT INADMISSIBLE.

In the return of writ, respondent argues that petitioner is procedurally barred from raising his claims and, to the extent that petitioner's claims are not barred, they have been adjudicated on the merits and did not result in a decision that was contrary to federal law. In his traverse, petitioner concedes that his first and ninth habeas claims

are not properly before the Court and "disavowed" those two claims. Accordingly, petitioner's first and ninth habeas claims are denied.[7] However, petitioner contested all of respondent's allegations in regard to claims 2–8.

 The Court will first address petitioner's second habeas claim, which alleges that he was denied due process when the state failed to show, and the trial court failed to require, good cause for the dismissal of the April 27, 1993 indictment, in violation of Ohio Rev.Code § 2941.33 and Ohio Crim. Rule 48(A).[8] This claim must be denied for several reasons. Initially, the court notes that petitioner failed to raise this claim on direct appeal from his conviction, but instead raised it for the first time in his first motion for post-conviction relief. By failing to raise the foregoing claim on direct appeal, petitioner effectively waived that claim since the failure to raise on appeal a claim that appears on the face of the record constitutes a procedural default under Ohio's doctrine of res judicata. *Brooks v. Edwards*, No. 95–3775, 1996 WL 506505 (6th Cir.1989) (citing *State v. Cole*, 2 Ohio St.3d 112, 113, 443 N.E.2d 169 (1982)). Petitioner does not allege cause or prejudice for failing to raise this claim on direct appeal, nor does the record support such a finding. Accordingly, there is not cause and prejudice for petitioner's default.

 Moreover, although the Ohio Court of Appeals held that the December 5, 1994 findings of fact of the trial court were null and void because they were issued in response to a motion for reconsideration which is not recognized under the Ohio Rules of Civil Procedure, nevertheless, this Court notes that the trial court rejected petitioner's

second habeas claim in ruling on petitioner's first motion for post-conviction relief, finding petitioner's claim, that the Ohio statute was violated, to be frivolous.[9] See Order of Huron County Court of Common Pleas of December 5, 1994. Generally, the federal courts have no power to grant habeas relief to a state prisoner in custody in violation of state law; and, ordinarily, a state court's misapplication of its own law does not raise a constitutional claim. *See Combs v. Tennessee*, 530 F.2d 695 (6th Cir.1976). Accordingly, it is not a function of a federal habeas court to review interpretations of state law since "state courts are the ultimate arbiters of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). "A federal court may not set aside a state court's interpretation of state statutes." *Hutchison v. Marshall*, 744 F.2d 44, 46 (6th Cir.1984). This Court will not set aside the state court's interpretation of the Ohio statute, and the Court finds that petitioner's second habeas claim must be denied because it alleges a violation of state law for which federal habeas corpus relief is unavailable.

 Next, the Court finds that petitioner's fifth and eighth habeas claims are barred by procedural default. Absent a showing of cause and prejudice, the procedural default rule set forth in *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), precludes a federal court from hearing an issue to which the state appellate courts applied a procedural bar. *See Maupin v. Smith*, 785 F.2d 135 (6th Cir.1986).

 Petitioner's fifth habeas claim alleges that he was denied effective assistance of counsel when his trial counsel failed to move to sever the gun charge from the drug counts. Under Ohio law, an appellate court

---

7. The Court notes that petitioner's first habeas claim is nearly identical to his second habeas claim. As to petitioner's ninth claim, the Court notes that petitioner raised that claim for the first time in this habeas corpus action without first having presented it to the state courts. Accordingly, petitioner failed to exhaust his state remedies as to his ninth claim.

8. Petitioner's claim also alleges a violation of Ohio R.Crim. .P. 48(A). However, the Court notes that the Federal Rules of Criminal Procedure do not apply in state courts.

9. The Court notes that the Ohio Court of appeals, in ruling on petitioner's vindictive prosecution claim on direct appeal, held that it would presume the validity of the trial court's proceedings relating to the dismissal of the initial indictment. The Court also notes that petitioner's second habeas claim and his fourth habeas claim, alleging vindictive prosecution, are interrelated in that the underlying basis for both claims is the dismissal of the initial indictment.

will not entertain a claim that was not raised in the court below. *See State ex rel. Quarto Mining Co. v. Foreman,* 79 Ohio St.3d 78, 81, 679 N.E.2d 706 (1997). Petitioner failed to raise his fifth habeas claim on direct appeal and also failed to raise it in his September 24, 1994 application for reopening of his direct appeal to the Ohio Court of Appeals. Petitioner raised this claim for the first time to the Ohio Supreme Court in his appeal from the denial of his application for reopening. The Ohio Supreme Court refused to consider petitioner's fifth habeas claim on the ground that petitioner failed to first present it to the Ohio Court of Appeals. *State v. Sweet,* 72 Ohio St.3d 375, 650 N.E.2d 450. Because the Ohio Supreme Court applied a procedural bar, petitioner's fifth habeas claim has been procedurally defaulted.[10]

■ Similarly, petitioner's eighth habeas claim, which alleges a due process violation based upon an alleged fabrication and falsification of physical evidence, is also barred by procedural default. Petitioner failed to raise this claim until his second motion for post-conviction relief in the state court. On May 17, 1995, petitioner's second motion[11] for post-conviction relief was denied by the trial court on procedural grounds, with the court finding that no good cause existed to entertain a successive petition under Ohio Rev. Code § 2953.2(A). Petitioner's appeal from the denial of his second motion for post-conviction relief was also precluded on procedural grounds. The Ohio Court of Appeals held that petitioner's motion for leave to file a delayed appeal was not filed within the thirty-day time limit provided in the Ohio Appellate Rules, and found petitioner's motion not well taken. See Ex. ZZ. Accordingly, because petitioner was precluded by a procedural bar from having his claim heard by the Ohio Supreme Court, the Court finds

that petitioner's eighth habeas claim has been procedurally defaulted.

■ Moreover, petitioner has not demonstrated cause or prejudice to excuse his procedural default of his fifth and eighth habeas claims, nor does the record support such a finding. Accordingly, the Court finds no cause or prejudice for petitioner's procedural default. Although the Court recognizes that the cause and prejudice requirements may be overlooked if a petitioner presents an extraordinary case where a constitutional violation has probably resulted in the conviction of one who is actually innocent, *see Murray v. Carrier,* 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), the Court finds that petitioner has not demonstrated a claim of factual innocence.

Therefore, based on the foregoing application of the standards set forth in *Sykes* and *Maupin,* the Court finds that the claims raised in petitioner's fifth and eighth grounds for habeas relief have been procedurally defaulted, and petitioner's habeas claim on these claims is accordingly denied.

■ The Court also finds that petitioner's seventh ground for relief is also procedurally defaulted because petitioner failed to present this ground for relief as a federal constitutional claim in state court, and he would now be precluded from raising that claim in state court. Petitioners' seventh ground for habeas relief alleges that he was denied due process of law when the trial court denied his motion for acquittal under Ohio Crim. Rule 29, in which he had alleged that the evidence was insufficient to show an actual delivery of drugs in Huron County and, thus, insufficient to establish proper venue. This claim was raised and rejected on direct appeal by the Court of Appeals on state law grounds. Petitioner appealed to the Ohio Supreme Court,

---

10. The Court notes that petitioner also attempted to raise his fifth habeas claim in his first state post-conviction relief motion. After the trial court found the claim to be frivolous, petitioner filed an untimely notice of appeal from the denial of his post-conviction relief motion. The Court of Appeals dismissed the appeal for failure to comply with Ohio App. R. 4. Thus, petitioner was not once, but twice precluded from raising his fifth claim to the Ohio Supreme Court because of his failure to comply with state procedural rules.

11. The order dismissing petitioner's motion for post-conviction relief notes that the cause was before the court upon petitioner's *third* motion for post-conviction relief. However, petitioner's third motion was actually the refiling of his identical second motion which was never ruled on. Given petitioner's penchant for filing motions, the trial court's confusion is understandable.

718

which affirmed finding no substantial constitutional question.

■ A habeas petitioner must exhaust available state judicial remedies with respect to each issue relied upon in his federal habeas petition. 28 U.S.C. § 2254(b); *Koontz v. Glossa*, 731 F.2d 365 (6th Cir.1984). In *Koontz*, the Sixth Circuit recognized that: "[t]he exhaustion requirement is satisfied 'once the federal claim has been fairly presented to the state courts....'" *Id.* at 368(*citing Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)). "In other words, the habeas petitioner must present his claim to the state courts as a federal constitutional issue—not merely as an issue arising under state law." *Koontz*, 731 F.2d at 368. Therefore, the precise exhaustion issue facing this Court is whether petitioner fairly presented to the state courts the substance of his constitutional challenge.

■ A review of petitioner's brief to the Ohio Court of Appeals and his memorandum in support of jurisdiction to the Ohio Supreme Court indicate that petitioner presented his claim to the state courts solely as a claim under Ohio state law. There is no mention in either brief of the United States Constitution. Since petitioner did not expressly cite chapter and verse of the Constitution, the recognized ways petitioner could have presented the constitutional nature of his claims include:

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegation of a pattern of facts well within the mainstream of constitutional litigation.

*Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir.1987) (*quoting Daye v. Attorney General*, 696 F.2d 186 (2d Cir.1982)).

Having reviewed petitioner's brief and memorandum in support of jurisdiction, the Court finds that petitioner did not apprise the Ohio Supreme Court of a federal constitutional issue as suggested in *Daye* and *Franklin*. Petitioner's brief in support of jurisdiction relies exclusively on state law and does not raise issues of federal constitutional law. Since petitioner's memorandum to the Ohio Supreme Court drew support solely from Ohio case law, raised arguments under the Rule 29 standard commonly applied by Ohio courts, and did not raise a constitutional argument, there is no reason to believe that the Ohio Supreme Court was alerted to the constitutional nature of the claim. Accordingly, the Court finds that petitioner did not fairly present a federal constitutional challenge to the Ohio courts.

■ The Supreme Court has held that a petition containing at least one issue which was not presented to the state courts must be dismissed for failure to comply with the total exhaustion rule. *Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). However, petitioner no longer has a state remedy for the claims brought in this petition. The Sixth Circuit faced a similar set of circumstances in *Rust v. Zent*, 17 F.3d 155 (6th Cir.1994). The court analyzed the issue as follows:

> Exhaustion is a problem only if the state still provides a remedy for the habeas petitioner to pursue, thus providing the state courts an opportunity to correct a constitutionally infirm state court conviction. If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts.

*Id.* at 160; *see also Teague v. Lane*, 489 U.S. 288, 297, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989) (applying cause and prejudice test where claim not presented to state courts and state remedies no longer available). Therefore, as shown in *Rust* and*Teague*, this Court must determine whether petitioner has shown cause and prejudice to excuse his failure to present his seventh habeas claims to the state courts. Here, petitioner has not demonstrated cause or prejudice to excuse his procedural default of his seventh claim, nor does the record support such a finding. Accordingly, the Court finds no cause or prejudice for petitioner's procedural default.

Accordingly, petitioner's seventh ground for relief is denied.

■ Petitioner's fourth ground for relief was raised and rejected on the merits in the Ohio state courts. The Antiterrorism and Effective Death Penalty Act of 1996, PL 104–132, amended § 2254(d), which specifies the appropriate treatment for habeas review of state court decisions that were adjudicated on the merits. The revised § 2254(d) provides:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

■ The Sixth Circuit has explained that in reviewing mixed questions of law and fact, the new standard of review set forth in § 2254(d)(1) applies, and courts must decide whether the state court decision involved an unreasonable application of clearly established federal law, as determined by the Supreme Court. *Harpster v. Ohio,* 128 F.3d 322 (6th Cir.1997). The reasonableness standard of § 2254(d)(1) "commands" deference to the state court's judgment and requires the habeas court to decide "whether the determination is at least minimally consistent with the facts and circumstances of the case." *Hennon v. Cooper,* 109 F.3d 330, 334–335 (7th Cir.1997).

Petitioner's fourth ground for habeas relief alleges that he was denied due process of law because of prosecutorial vindictiveness and the trial court's denial of his motion to dismiss for vindictive prosecution. Petitioner alleges that he was re-indicted with "en-hanced charges"[12] in retaliation for his prior filing of a motion to dismiss the indictment on the ground that the assistant prosecutor who presented the indictment to the grand jury was also a special deputy sheriff who was precluded from practicing law by Ohio Rev.Code § 4705.01. Petitioner raised this vindictive prosecution claim on direct appeal from his conviction. The Ohio Court of Appeals found the claim not well taken, noting that, absent a transcript of the evidentiary hearing, it would presume the validity of the trial court's proceedings. The Ohio Supreme Court affirmed finding no substantial constitutional question.

■ After reviewing the record, the Court finds that the decision of the Ohio courts rejecting petitioner's vindictive prosecution claim was not contrary to federal law. A prosecutor vindictively prosecutes when he acts to deter the exercise of a protected right by the defendant, the prosecutor has some stake in deterring the defendant's rights, and the prosecutor's conduct is unreasonable. *United States v. Anderson,* 923 F.2d 450 (6th Cir.1991). Here, petitioner failed to establish any of the elements of a vindictive prosecution claim in state court, and the record indicates that petitioner was not vindictively prosecuted, particularly in light of the fact that petitioner suffered no prejudice from the addition of the count two specification. Petitioner's sentences are running concurrently, and the sentence for the Count 2 specification was subsumed into the longer sentences for other counts. Because the Ohio courts' denial of petitioner's vindictive prosecution claim was not contrary to federal law, petitioner is not entitled to habeas relief on that claim, and his petition for habeas corpus on that ground is denied.

Petitioner's remaining habeas claims, his third and sixth grounds for habeas relief, both assert that he was denied ineffective assistance of counsel. Because the Court finds that these claims were not procedurally defaulted and were not adequately addressed in the Ohio state courts, this Court will address those claims on the merits.

12. The only difference between the two indictments was that the second indictment added a specification to Count 2 that defendant committed a prior violent offense.

Petitioner's third ground alleges that he was denied effective assistance of counsel based upon his trial counsel's failure to move to vacate the superseding indictment because of the alleged failure to comply with Ohio Rev.Code § 2941.33 and Ohio Crim. Rule 48(A). Petitioner raised this claim to the Ohio Court of Appeals in his application for reopening. The Ohio Court of Appeals rejected the claim, finding that it amounted to nothing more than a "minor modification" of petitioner's vindictive prosecution claim which was adjudicated on the merits in petitioner's direct appeal. The Ohio Supreme Court affirmed, finding that there was no showing of irregularity in the record to contradict the presumption of regularity accorded to judicial proceedings; and, therefore, there was nothing upon which to assess an allegation of deficient performance. *Sweet,* 72 Ohio St.3d 375, 650 N.E.2d 450.

Petitioner's sixth ground alleges he was denied effective assistance of counsel by his trial counsel's failure to file a motion in limine to exclude any evidence relating to a drug transaction that occurred in Richland, Ohio. Petitioner also raised this claim in his application for reopening. The Ohio Court of Appeals likewise rejected this claim on the ground that it was only a "minor modification" of petitioner's venue issue raised on direct appeal. He likewise raised this claim to the Ohio Supreme Court in his jurisdictional memorandum, but the Ohio Supreme Court failed to address it in its opinion.

Initially, the Court finds that the foregoing claims were adequately presented as federal constitutional claims to both the Ohio Court of Appeals and the Ohio Supreme Court, but that neither claim was adequately addressed by those courts. Ordinarily, it is enough for a petitioner to present a federal claim before the highest state court, even if the court does not discuss the issue in its opinion. *Smith v. Digmon,* 434 U.S. 332, 98 S.Ct. 597, 54 L.Ed.2d 582 (1978); *Elliott v. Morford,* 557 F.2d 1228 (6th Cir.1977). Here, petitioner presented both of his ineffective assistance of counsel claims to the Ohio Court of Appeals and the Ohio Supreme Court, but neither court addressed the claims as federal constitutional issues. The Court of Appeals viewed the ineffective assistance of counsel claims as mere "minor modifications" of petitioner's vindictive prosecution claim and his claim that the trial court erred in denying his Rule 29 motion for acquittal. The Ohio Supreme Court likewise failed to address the claims as ineffective assistance of counsel claims. Accordingly, this Court will address those claims on the merits.

The Sixth Amendment right to counsel exists in order to protect the fundamental right to a fair trial. *Strickland v. Washington,* 466 U.S. 668, 684, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). In addition, "the right to counsel is the right to effective assistance of counsel." *McMann v. Richardson,* 397 U.S. 759, 771, n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Strickland,* 466 U.S. at 686, 104 S.Ct. 2052. In *Strickland,* the Supreme Court set forth two components petitioner must satisfy to establish ineffective assistance of counsel:

First, the defendant must show that counsel's performance was deficient. This requires a showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defendant. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Id.* at 687, 104 S.Ct. 2052.

In order to show that counsel's performance was deficient, petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *Id.* at 688, 104 S.Ct. 2052. Judicial scrutiny of counsel's performance must be highly deferential; indeed, the court must presume that the challenged action might be considered sound trial strategy. *Michel v. Louisiana,* 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955). "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence,

and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052.

In order to show that defense counsel's performance was sufficiently prejudicial to the defense, petitioner must show that "there is a reasonable certainty that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S.Ct. 2052. The Supreme Court defined "reasonable probability" as "a probability sufficient to undermine confidence in the outcome." *Id.*

Having reviewed the applicable law and the record, the Court finds that petitioner in the present case has failed to satisfy either component of the *Strickland* standard as to either of his ineffective assistance of counsel claims. First, petitioner has not shown that trial counsel's performance fell below an objective standard of reasonableness. Rather, the Court must presume that counsel's decisions not to move to vacate the superseding indictment for failing to follow the state statute and rule, and not to move to exclude evidence of the Richland County drug transactions, were sound trial strategy. Petitioner has presented nothing to rebut this presumption.

Second, petitioner has failed to show with any degree of probability that, but for counsel's performance, the outcome would have been more favorable. In fact, petitioner cannot make such a showing as to either claim. The Ohio courts expressly held that petitioner's claim that the Ohio statute and criminal rule regarding dismissal of indictments were not violated; and, thus, the failure to move for dismissal of the superseding indictment on that ground would have had no effect on the outcome. Likewise, the Ohio courts expressly held that the drug transactions occurring in Richland County were relevant, and the failure to move to exclude those transactions would have had no effect on the outcome of the trial. After reviewing the record, the Court is unconvinced that, but for counsel's failure to move to dismiss the superseding indictment or to move to exclude the drug evidence, petitioner would have received a more favorable outcome. Accordingly, petitioner's third and sixth grounds for habeas relief are denied.

The issuance of a certificate of appealability is not a matter of right. Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." *Lyons v. Ohio Adult Parole Authority,* 105 F.3d 1063 (6th Cir.1997). In addition, certificates must state which issues are certified for appeal. 28 U.S.C. § 2253(c)(3). In light of the findings previously set forth in this order, the Court finds that petitioner has not met the standard set forth in § 2253. Thus, the Court will not issue a certificate of appealability.

Furthermore, the Court hereby certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision could not be taken in good faith.

THEREFORE, for the foregoing reasons, good cause appearing, it is hereby

ORDERED that petitioner's motion to expedite final decision be, and hereby is, DENIED as moot; and it is

FURTHER ORDERED that petitioner's motion to alter or amend judgment or, alternatively, for relief from judgment, be, and hereby is, DENIED; and it is

FURTHER ORDERED that the petition for writ of habeas corpus be, and hereby is, DENIED; and it is

FURTHER ORDERED that petitioner is denied a certificate of appealability; and it is

FURTHER ORDERED that petitioner is denied leave to file *in forma pauperis.*